FILED

SEP 26 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Henry Bryant,
Plaintiff,

v.

Reliant Capital Solutions, LLC;
Robinhood Financial LLC,
Defendants,

)
)
)
)
)
)
)
)
)
)

**CV25-8207**

Case no._____

LJC

## COMPLAINT FOR DAMAGES
## JURY TRIAL DEMANDED

### I. JURISDICTION & VENUE

1. This Court has jurisdiction pursuant to **28 U.S.C. § 1331**, as this action arises under federal law, including the **Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.**, the **Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)**, **SEC Rule 10b-5**, **17 C.F.R. § 240.10b-5**, and **the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.** The Court has supplemental jurisdiction over state law claims pursuant to **28 U.S.C. § 1367**.

2. Venue is proper in this District under **28 U.S.C. § 1391(b)**, as Plaintiff resides in this District and Defendants transact business in this District, and the events giving rise to the claims occurred here.

### II. PARTIES

1

3. Plaintiff Henry Bryant ("Plaintiff") is a natural person and consumer residing at 710 Aspect Way, Apt. 105, Napa, California 94559.

4. Defendant **RELIANT CAPITAL SOLUTIONS, LLC** ("Reliant") is a debt collection agency conducting business in California.

5. Defendant **ROBINHOOD FINANCIAL LLC** ("Robinhood") is a financial services company headquartered in Menlo Park, California, and registered to conduct business in this District

## III. STATEMENT OF FACTS

6. Plaintiff was extended a margin facility through Robinhood in the approximate amount of **$3,000**.

7. Following a default, Plaintiff resolved the alleged balance but was never notified of any sale, assignment, securitization, or custodial transfer of the obligation.

8. On **August 6, 2025**, Plaintiff transmitted a Formal Demand for Full Accounting and Disclosure to Robinhood, seeking transaction-level ledgers, securitization disclosures, custodial certifications, and FDCPA-compliant validation of any claimed balance.

2

9. On **August 13, 2025**, Robinhood responded only with a summary of account activity and referred Plaintiff to Reliant. Plaintiff found this response materially deficient.

10. On **August 16, 2025**, Plaintiff transmitted a Final Notice to Cure / Notice of Default to both Robinhood and Reliant, reiterating all outstanding demands, disputing the validity of any alleged debt, and warning of escalation to federal litigation.

11. Defendants failed to cure, failed to produce verifiable documentation, and continued to assert rights over the obligation without statutory compliance.

12. Plaintiff has suffered actual damages, including but not limited to loss of credit reputation, time expended, mental and emotional distress, and impairment of financial opportunities.

## IV. CAUSES OF ACTION

## FIRST CAUSE OF ACTION: VIOLATIONS OF THE FDCPA (15 U.S.C. § 1692 et seq.) - AGAINST RELIANT

13. Plaintiff realleges and incorporates by reference paragraphs 1-12.

14. Reliant failed to provide validation of debt as required by **15 U.S.C. § 1692g(b)**, attempted collection during the pendency of a dispute, and failed to

provide notice of assignment or identification of the true creditor, constituting violations of **15 U.S.C. §§ 1692g, 1692e,** and related provisions.

## SECOND CAUSE OF ACTION: VIOLATIONS OF THE ROSENTHAL ACT (CAL. CIV. CODE § 1788 ET SEQ.) - AGAINST BOTH DEFENDANTS

15. Plaintiff realleges and incorporates by reference paragraphs 1-14.

16. Defendants' conduct in failing to validate the debt, continuing collection activities, and failing to provide custodial/chain of title disclosures violated **Cal. Civ. Code § 1788.17**.

## THIRD CAUSE OF ACTION: VIOLATIONS OF THE SECURITIES EXCHANGE ACT & RULE 10B-5 (15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5) (AGAINST ROBINHOOD)

17. Plaintiff realleges and incorporates by reference paragraphs 1-16.

18. Robinhood failed to disclose material facts regarding the sale, assignment, or securitization of Plaintiff's account obligation, constituting misrepresentation, omission, and fraud in connection with a security in violation of **Rule 10b-5**.

4

## FOURTH CAUSE OF ACTION: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 ET SEQ.) (AGAINST BOTH DEFENDANTS)

19. Plaintiff realleges and incorporates by reference paragraphs 1-18.

20. Upon information and belief, Defendants furnished inaccurate and disputed information to consumer reporting agencies, failed to note disputes, and failed to conduct reasonable investigations, in violation of **15 U.S.C. §§ 1681e(b), 1681i,** and **1681s-2(b).**

## FIFTH CAUSE OF ACTION - BREACH OF CONTRACT, CONVERSION, AND UCC VIOLATIONS (AGAINST ROBINHOOD)

21. Plaintiff realleges and incorporates by reference paragraphs 1-20.

22. Robinhood failed to provide the authoritative copy of any alleged digital obligation or custodial certification as required by **UCC § 9-105(c)(1)** and **Fed. R. Evid. 902(11),** and failed to honor contractual obligations of transparency and accounting

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants for:

a. Statutory damages under FDCPA, Rosenthal Act, and/or FCRA

b. Actual damages

c. Attorneys' fees and costs

d. Declaratory/injunctive relief as the Court deems just

e. Any other relief deemed proper

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all triable issues.

Respectfully Submitted,

By: /s/ Henry Bryant
**Henry Bryant**
Phone: 951-692-8643
August 29, 2025