**PARKER IBRAHIM & BERG LLP**
MARIEL GERLT-FERRARO (CA Bar No. 251119)
mariel.gerlt-ferraro@piblaw.com
BRYANT S. DELGADILLO (CA Bar No. 208361)
bryant.delgadillo@piblaw.com
3070 Bristol Street, Suite 660
Costa Mesa, California 92626
Tel: (714) 361-9550
Fax: (714) 784-4190

Attorneys for Defendant
Robinhood Financial, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henry Bryant,<br><br>        Plaintiff,<br><br>        v.<br><br>Reliant Capital Solutions, LLC;<br>Robinhood Financial LLC,<br><br>        Defendants, | CASE NO.:  3:25-cv-08207-VC<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION AND TO DISMISS OR STAY ACTION; MEMORANDUM**<br><br>**[Concurrently filed with Declarations and [Proposed] Order]**<br><br>Date:  March 26, 2026<br>Time:  10:00 a.m.<br>Ctrm.:  4 (17th Floor)<br><br>  ACTION FILED:  September 26, 2025<br>  TRIAL DATE:  None. |

**TO THE HONORABLE COURT, TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that on March 26, 2026 at 10:00 a.m. in Courtroom 4 (17th Floor) of the above-entitled court, located at 450 Golden Gate Avenue, San

Francisco, California, defendant Robinhood Financial, LLC ("**RHF**" or "**Defendant**")[1] will and hereby does move and petition the Court for an order compelling plaintiff Henry Bryant ("**Bryant**" or "**Plaintiff**") to arbitrate all purported disputes with Defendant and for the dismissal or a stay of the instant action.

This motion to arbitrate and to dismiss or stay all proceedings is brought pursuant to 9 U.S.C. §§ 1 *et. seq.* and Federal Rules of Civil Procedure, Rule 12(b)(1, 3, 6) and on the grounds that Plaintiff is a party to a valid and enforceable agreement whereby Plaintiff agreed to submit his claims and disputes with RHF to binding arbitration with the Financial Industry Regulatory Authority ("**FINRA**") Dispute Resolution in accordance with the rules of FINRA. RHF is therefore entitled to have this case proceed by binding arbitration. The matter should be ordered to arbitration and this lawsuit dismissed. Alternatively, the matter should be ordered to arbitration with all proceedings stayed pending completion of binding arbitration.

The motion and petition is based on this Notice, the Memorandum of Points and Authorities, the declarations filed concurrently herewith, all documents, records and pleadings on file and any evidence and/or oral argument presented at the time of hearing on this matter. Noting particularly that the arbitration agreement between RHF and Bryant is attached as **Exhibit 2** to the concurrently filed declaration of James Esdaile.

DATED: February 6, 2025

PARKER IBRAHIM & BERG LLP

By: _/s/ Mariel Gerlt-Ferraro_
MARIEL GERLT-FERRARO
BRYANT S. DELGADILLO
Attorneys for Defendant
Robinhood Financial, LLC

[1] By filing this motion, Robinhood does not waive and expressly reserves all defendants and rights and does not consent to the jurisdiction of this Court to entertain the claims asserted in Plaintiff's complaint. Moreover, Robinhood notes that Plaintiff did not properly serve the summons and complaint pursuant to FRCP Rule 4(c)(2), 4(e) and 4(h).

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM

Parker Ibrahim & Berg LLP
Costa Mesa, CA

# **TABLE OF CONTENTS**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ...........................1

II.     STATEMENT OF RELEVANT FACTS .......................................................1

    A.      Defendant RHF ……………………………………………………………1

    B.      Plaintiff Henry Bryant…………………………………………….......2

    C.      Bryant Failed to Properly Serve the Summons and Complaint…........2

    D.      RHF Demanded that Bryant Submit His Claims to Arbitration………2

III.    ARBITRATION SHOULD BE COMPELLED AND THIS ACTION SHOULD BE DISMISSED OR STAYED...........................3

    A.      The FAA Requires Bryant to Arbitrate His Claims Against RHF……3

    B.      California Law Similarly Requires Bryant to Arbitrate His Claims Against RHF……………………………………………….……...…..5

    C.      The Arbitration Clause Is Enforceable and Encompasses the Dispute……………………………………………………………...6

IV.     The Court Action Should Be Dismissed or Stayed Pending Arbitration .......................................................................................9

V.      CONCLUSION ...................................................................................11

Parker Ibrahim & Berg LLP
Costa Mesa, CA

1

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alexander v. Anthony Int'l, L.P.*,
341 F.3d 256, 263 (3d Cir. 2003)..................................................................3

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
24 Cal. 4th 83, 97 (2000) ...........................................................................6

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333, 344 (2011).....................................................................3, 4, 5

*AT&T Tech., Inc. v. Communications Workers of Am.*,
475 U.S. 643, 650 (1986)..........................................................................3

*Brennan v. Opus Bank*,
796 F.3d 1125, 1130 (9th Cir. 2015) ...........................................................4

*Brookwood v. Bank of Am.*,
45 Cal. App. 4th 1667, 1674 (1996) .............................................................7

*Browsercam, Inc. v. Gomez, Inc.*,
No. C 08-02959 WHA, 2009 U.S. Dist LEXIS 9374, at *8 (N.D. Cal. Jan.
27, 2009)...............................................................................................10

*Bruni v. Didion*,
160 Cal. App. 4th 1272, 1282 (2008) ...........................................................5

*Chappel v. Lab. Corp. of Am.*,
232 F.3d 719, 725 (9th Cir. 2000).............................................................10

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.*,
207 F.3d 1126, 1130 (9th Cir. 2000) ...........................................................4

*Circuit City Stores, Inc. v. Adams*,
532 U.S. 105, 111-119 (2001) .....................................................................4

*Citizens Bank v. Alafabco, Inc.*,
539 U.S. 52, 56 (2003)..............................................................................4

*Coast Plaza Doctors Hospital v. Blue Cross of California*,
83 Cal. App. 4th 677, 686 (2000) ..........................................................6, 10

*Cox v. Ocean View Hotel Corp.*,
533 F.3d 1114, 1119 (9th Cir. 2008) ...........................................................4

*Craig v. Brown & Root, Inc.*,
84 Cal. App. 4th 416, 420 (2000) ................................................................7

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213, 218 (1985)...........................................................................4

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938, 944 (1995) ...........................................................................6

Parker Ibrahim & Berg LLP
Costa Mesa, CA

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM

*Genesco, Inc. v. T. Kakiuchi & Co.*,
  815 F.2d 840, 846 (2d Cir. 1987)...................................................................................................9

*Gilmer v. Interstatel Johnson Lane Corp.*,
  500 U.S. 20, 26 (1991) ...................................................................................................................3

*Gregory v. Electro-Mechanical Corp.*,
  83 F.3d 382, 384 (11th Cir. 1996)...............................................................................................9

*Hornicek v. Cardworks Servicing, LLC*,
  No. 10-CV-3631, 2011 U.S. Dist. LEXIS 70125, at *13 (E.D. Pa. Mar. 17,
  2011)................................................................................................................................................9

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79, 84 (2002) ..............................................................................................................1, 4

*Ideal Co., Inc. v. 1st Merchant Funding, LLC*,
  No. CV 15-07256 RSWL (GJSx), 2016 U.S. Dist. LEXIS 66270, at *7-5
  (C.D.  Cal.  May 18, 2016)...........................................................................................................9

*Isaac v. Morgan Stanley DW, Inc.*,
  No. CIV S-04-1707 KJM, 2005 U.S. Dist. LEXIS 48096, at *5 (E.D. Cal.
  Oct. 17, 2005)...............................................................................................................................4

*Khalatian v. Prime Time Shuttle, Inc.*,
  237 Cal. App. 4th 651, 657, (2015) ...........................................................................................4

*Klein v. Delbert Servs. Corp.*,
  2015 U.S. Dist. LEXIS 43505, at *14 (N.D. Cal. April 1, 2015)..........................................8

*Knutson v. Sirius XM Radio Inc.*,
  771 F.3d 559, 565 (9th Cir. 2014)...............................................................................................5

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*,
  363 F.3d 1010, 1012 (9th Cir. 2004) .........................................................................................4

*Lockhart v. Gen. Motors Corp.*,
  2001 WL 1262922, at *2 (C.D. Cal. Sept. 14, 2001) ..............................................................8

*Metters v. Ralphs Grocery Co.*,
  161 Cal. App. 4th 696, 701 (2008) .............................................................................................7

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614, 631 (1985)...............................................................................................................3

*Moncharsh v. Heily & Blase*,
  3 Cal. 4th 1, 10 (1992) .................................................................................................................6

*Newton v. Am. Debt Servs., Inc.*,
  854 F. Supp. 2d 712, 731 (N.D. Cal. 2012) *aff'd*, 549 F. App'x 692 (9th
  Cir. 2013) ........................................................................................................................................8

*Olvera v. El Pollo Loco, Inc.*,
  173 Cal. App. 4th 447, 453 (2009) .............................................................................................6

Parker Ibrahim & Berg LLP
Costa Mesa, CA

3

Parker Ibrahim & Berg LLP
Costa Mesa, CA

*Rickards v. United Parcel Service, Inc.,*
  206 Cal. App. 4th 1523, 1529 (2012) ................................................................7

*Rosenthal v. Great Western Financial Securities Corp.*, 14 Cal. 4th 394, 402-
  03 (1996) ............................................................................................................4

*Segal v. Silberstein,*
  156 Cal. App. 4th 627, 633 (2007) ....................................................................6

*Small Justice LLC v. Xcentric Ventures LLC,*
  2014 U.S. Dist. LEXIS 38602, 2014 WL 1214828, at *4 n.2 (D. Mass.,
  Mar. 24, 2014)....................................................................................................8

*Southland Corp. v. Keating,*
  465 U.S. 1, 10 (1984) .........................................................................................3

*Thinket Ink Info. Ress., Inc. v. Sun Microsystems, Inc.,*
  368 F.3d 1053, 1060 (9th Cir. 2004) ...............................................................10

*Trippe Mfg. Co. v. Niles Audio Corp.,*
  401 F.3d 529, 532 (3d Cir. 2005)......................................................................3

*Valley Power Sys., Inc. v. Elec. Co.,*
  No. CV-11-10726-CAS(JCx), 2012 U.S. Dist. LEXIS 26228, at *17 (C.D.
  Cal. Feb. 27, 2012) ............................................................................................9

*Van Ness Townhouses v. Mar Industries Corp.,*
  862 F.2d 754, 756 (9th Cir. 1988)......................................................................**4**

**Statutes**

Cal. Civ. Code § 1633.1........................................................................................7

Cal. Civ. Code § 1633.7(a) ..................................................................................7

Cal. Civ. Code § 1633.7(c) ..................................................................................7

Cal. Civ. Code § 1633.7(d) ..................................................................................7

Cal. Civ. Code § 1633.9(a) ..................................................................................7

Cal. Civ. Proc. § 1281.2...................................................................................1, 5

Cal. Civ. Proc. § 1281.4.................................................................................1, 10

**Codes**

9 U.S.C. § 2.................................................................................................3, 4, 5

9 U.S.C. § 3.................................................................................................1, 10

9 U.S.C. § 4..........................................................................................................1

15 U.S.C. § 7001(a) .............................................................................................8

4

Parker Ibrahim & Berg LLP
Costa Mesa, CA

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Robinhood Financial, LLC Inc. ("**RHF**" or "**Defendant**") submits the following points and authorities in support of its motion and petition for an order compelling binding arbitration and for dismissal or a stay of the proceedings in this action (the "**Motion**").

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Henry Bryant ("**Bryant**" or "**Plaintiff**") asserts various claims against Defendant related to his RHF investment account.  In connection with that account, the parties mutually agreed in writing that they would submit any disputes between them relating to the agreements between them, any account established thereunder, and any transaction therein, to arbitration before Financial Industry Regulatory Authority ("**FINRA**") Dispute Resolution in accordance with the rules of FINRA. Despite this, Bryant filed a complaint before this Court alleging securities violations, debt collection and credit reporting violations, and contract-based claims.

Such matters clearly fall within the binding arbitration agreement, which is enforceable under federal and state law.  Additionally, long-standing public policy and precedent support the enforcement of arbitration clauses and the resolution of disputes through arbitration. Plaintiff is contractually obligated to arbitrate his claims against Defendant pursuant to the terms of the agreement.

RHF demanded that Plaintiff honor the parties' written agreement to arbitrate, but he refused.  For the reasons set forth below, Plaintiff's claims should be compelled to arbitration and this action dismissed and/or stayed pending resolution of the arbitration.  *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); 9 U.S.C. §§ 3-4; *see also* Cal. Civ. Proc. §§ 1281.2, 1281.4.

## II.    STATEMENT OF RELEVANT FACTS

### A.    **Defendant RHF**

RHF provides commission-free trading and other security brokerage services and financial services to retail investors.  Customers sign up for RHF by accessing

1

RHF's website or downloading the app.  All applicants are required to submit an application through either RHF's website or mobile app.  (See Declaration of James Esdaile ("**Esdaile Decl**.") ¶¶ 3-4.)

### B.    **Plaintiff Henry Bryant**

Bryant has held an account with RHF since February 4, 2020.  (Esdaile Decl. ¶ 7, Ex. 1.)  As a part of his application to open the account, Bryant was required to click a button on his computer or mobile device screen, equivalent to a signature, acknowledging that he would be bound by RHF's Customer Agreement (the "**Agreement**").  (Esdaile Decl. ¶¶ 8-12, Ex. 1-2.)  RHF's Agreement that Bryant electronically executed includes a pre-dispute arbitration clause.  (Esdaile Decl., ¶ 12, Ex. 2, § 39 [pgs. 31-32].)  Notwithstanding the pre-dispute arbitration clause, Bryant filed a complaint in this Court.

### C.    **Bryant Failed to Properly Serve the Summons and Complaint**

This action was filed on September 26, 2025. On October 31, 2025, the summons as to RHF was issued. (Dkt. # 18). The summons recites an address / agent for service of process for RHF as "CT Corporation System" at an address in Los Angeles. (*Id.*). CT Corporation System is not the agent for service of process for RHF. (Declaration of Mariel Gerlt-Ferraro ["**Ferraro Decl**."], ¶ 6, Ex. A). Moreover, Bryant has never effected actual service of process in this matter pursuant to FRCP Rule 4(c)(2), 4(e) and 4(h). (Ferraro Decl., ¶¶ 5-7; see also, Dkt.).

### D.    **RHF Demanded that Bryant Submit His Claims to Arbitration**

In December 2025, Bryant was advised that RHF would seek to compel arbitration. (Ferraro Decl., ¶ 4). Bryant responded with his disagreement. (*Id.*). Despite the lack of adequate service, RHF formally demanded that Bryant submit his claims to arbitration in accordance with the parties' written agreement on January 29, 2026.  (Ferraro Decl. ¶ 8, Ex. B).  Bryant implicitly denied RHF's arbitration demand. (Ferraro Decl. ¶ 9).

## III. ARBITRATION SHOULD BE COMPELLED AND THIS ACTION SHOULD BE DISMISSED OR STAYED

### A. The FAA Requires Bryant to Arbitrate His Claims Against RHF

In the FAA, 9 U.S.C. § 1, *et seq.*, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). The FAA creates a presumption in favor of arbitration and requires the enforcement of a written agreement to arbitrate. 9 U.S.C. § 2; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'"). Indeed, as the Supreme Court noted in *AT&T Mobility*, it is "beyond dispute that the FAA was designed to promote arbitration." *Id*. at 345.

Moreover, under the FAA, 9 U.S.C. § 1 *et seq.*, agreements to arbitrate are enforceable to the same extent as other contracts. *See Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003). The FAA provides that a written arbitration agreement "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

It is axiomatic that that the "FAA reflects an emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). Arbitration should be refused only where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005) (quoting *AT&T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)). The party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity. *See Gilmer v. Interstatel Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

Further, the FAA applies to a written arbitration agreement in "a contract

Parker Ibrahim & Berg LLP
Costa Mesa, CA

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM

evidencing a transaction involving commerce." 9 U.S.C. § 2; *Khalatian v. Prime Time Shuttle, Inc.*, 237 Cal. App. 4th 651, 657, (2015) (the FAA applies to any "contract evidencing a transaction involving commerce" that contains an arbitration provision); *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 111-119 (2001). The Supreme Court has interpreted "involving commerce" "as the functional equivalent of the more familiar term 'affecting commerce' -- words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (per curiam).

Securities brokerage agreements involve commerce and are governed by the FAA. *Rosenthal v. Great Western Financial Securities Corp.*, 14 Cal. 4th 394, 402-03 (1996); *see also Isaac v. Morgan Stanley DW, Inc.,* No. CIV S-04-1707 KJM, 2005 U.S. Dist. LEXIS 48096, at *5 (E.D. Cal. Oct. 17, 2005) (citing *Van Ness Townhouses v. Mar Industries Corp.,* 862 F.2d 754, 756 (9th Cir. 1988) (securities agreements between parties "enforceable in accordance with the terms of the [FAA]")). "The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (internal quotations and citations omitted). The Court's role under the FAA is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *see also Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citing *Chiron Corp. v. Ortho Diagnostic Systems*, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)).

If a valid arbitration agreement exists covering the dispute, a court must compel arbitration. *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by the . . . court, but instead mandates that . . . courts shall direct the parties to proceed to

Parker Ibrahim & Berg LLP
Costa Mesa, CA

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM

arbitration on issues as to which an arbitration agreement has been signed").

Section 2 of the FAA reflects both "a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract[.]" *Concepcion*, 563 U.S. at 339 (internal quotations and citations omitted). Consistent with these principles, "courts must place arbitration agreements on equal footing with other contracts, and enforce them according to their terms." *Id.* (internal quotations and citations omitted). Section 2 provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The party seeking to compel arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). In these proceedings, "the trial court sits as the trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion to reach a final determination." *Bruni v. Didion*, 160 Cal. App. 4th 1272, 1282 (2008).

Because there is a valid written agreement between the parties that requires all disputes to be resolved by arbitration, and because the agreement evidences a transaction involving interstate commerce, the FAA applies, and Bryant's claims must be compelled to arbitration.

**B.    California Law Similarly Requires Bryant to Arbitrate His Claims Against RHF [2]**

The CAA states that a court shall order a matter to arbitration if it determines that an enforceable arbitration agreement exists. Cal. Civ. Proc. Code § 1281.2. California has a strong public policy in favor of arbitration and any doubts regarding

---

[2] The Agreement contains a California choice of law provision. Although the arbitration clause is governed by the FAA because the subject matter involves commerce, RHF includes CAA analysis out of an abundance of caution.

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM

the arbitrability of a dispute are resolved in favor of arbitration. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 97 (2000) ("California law, like federal law favors enforcement of valid arbitration agreements."). As the Supreme Court of California has noted, ". . . the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the at the trial and appellate levels . . . ." *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 10 (1992).

This strong policy has resulted in the general rule that arbitration agreements should be enforced "unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute." *Coast Plaza Doctors Hospital v. Blue Cross of California*, 83 Cal. App. 4th 677, 686 (2000); *see also Segal v. Silberstein*, 156 Cal. App. 4th 627, 633 (2007) (applying California's strong public policy favoring arbitration, courts will enforce an agreement to arbitrate unless it can be said "with assurance than an arbitration clause cannot reasonably be interpreted to cover a dispute or otherwise cannot be enforced."). Thus, regardless of whether the FAA or CAA governs, Bryant's claims against RHF should be compelled to arbitration.

C.    **The Arbitration Clause Is Enforceable and Encompasses the Dispute**

"When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Plaintiff asserts that "the events giving rise to the claims occurred" within the Northern District of California. Cmp., ¶ 2. As such California law is examined herein below.

In California, "[a] party petitioning the court to compel arbitration bears the burden of proving by a preponderance of evidence the existence of an arbitration agreement." *Olvera v. El Pollo Loco, Inc.*, 173 Cal. App. 4th 447, 453 (2009) (citation omitted), abrogated on other grounds by *AT&T Mobility LLC*, 563 U.S. at

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM

Parker Ibrahim & Berg LLP
Costa Mesa, CA

339. Under California law, a contract is valid if there is mutual assent and valid consideration. *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420 (2000).

Here, the Agreement meets these validity requirements. Plaintiff signed the Agreement, and RHF is a party specifically covered by the Agreement. *See* Esdaile Decl., ¶¶ 6-13, Ex. 2. As such, Plaintiff assented to the terms of the Agreement, including the arbitration provision and its applicability to RHF. *Id.* "[O]rdinarily one who signs an instrument which on its face is a contract is deemed to assent to all its terms. A party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing." *Metters v. Ralphs Grocery Co.*, 161 Cal. App. 4th 696, 701 (2008) (citation omitted); *Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674 (1996).

Moreover, there can be no doubt that the Agreement, including the arbitration provision was duly executed by Plaintiff. California supports electronic signatures on contracts. *See California* Uniform Electronic Transactions Act ("**UETA**"), Cal. Civ. Code § 1633.1 *et seq*. Under the UETA, an electronic record satisfies the requirement that a record be in writing. Cal. Civ. Code § 1633.7, subd. (c). More succinctly, the UETA provides: "If a law requires a signature, an electronic signature satisfies the law." *Id.*, § 1633.7, subd. (d). Moreover, the UETA states that a "signature" on a contract "may not be denied legal effect or enforceability solely because it is in electronic form." *Id.,* § 1633.7, subdivisions (a) and (c). The UETA further provides that "[a]n electronic record or electronic signature is attributable to a person if it was the act of the person. ***The act of the person may be shown in any manne***r[.]" *Id.*, § 1633.9, subd. (a) (emphasis added); *Rickards v. United Parcel Service, Inc.,* 206 Cal. App. 4th 1523, 1529 (2012). Importantly, the UETA specifically allows a proponent to prove an individual signed an on-line agreement or document by "a showing of the efficacy of any security procedure" for the process. *Id.*, § 1633.9(a).

RHF has demonstrated, and Plaintiff acknowledges, that the RHF account was opened by Plaintiff. Cmp., ¶ 6. Defendant set forth the steps required by Plaintiff to

7

open the account and Plaintiff's electronic execution of the Agreement. *See* Esdaile Decl., ¶¶ 6-12, Exs. 1-2. Thus, the accompanying declaration of James Esdaile documents the protocols in place for securing a customer's electronic signature sufficient to establish that the resulting electronic signature is valid, documented, and legally binding. Esdaile Decl., ¶¶ 6-13, Exs. 1-2. This is the type of protocol contemplated by the UETA and is sufficient to establish that the resulting electronic signature is valid and legally binding.

Moreover, the Agreement between Defendant and Plaintiff provides for electronic signatures. *See* Esdaile Decl., Ex. 2, §§ 1, 30 [pgs. 1, 24-25]. Execution of agreements consistent with the electronic signature act is also readily enforceable. *See* 15 U.S.C. § 7001(a) ("(1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and (2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation."); *Newton v. Am. Debt Servs., Inc.*, 854 F. Supp. 2d 712, 731 (N.D. Cal. 2012) *aff'd*, 549 F. App'x 692 (9th Cir. 2013) ("Under ESIGN, electronic records and signatures that are in compliance with ESIGN are legally binding."); *Small Justice LLC v. Xcentric Ventures LLC*, 2014 U.S. Dist. LEXIS 38602, 2014 WL 1214828, at *4 n.2 (D. Mass., Mar. 24, 2014) ("The E-Sign Act, 15 U.S.C. § 7001, recognizes that the click of a button online can replace an actual signature."); *Klein v. Delbert Servs. Corp.*, 2015 U.S. Dist. LEXIS 43505, at *14 (N.D. Cal. April 1, 2015).

Furthermore, as a matter of law, valid consideration exists as both parties agreed to arbitrate claims. *See Lockhart v. Gen. Motors Corp.*, 2001 WL 1262922, at *2 (C.D. Cal. Sept. 14, 2001) ("Because [the parties] all agreed to submit to binding arbitration any claims they had against each other, there was a mutual exchange of promises sufficient to create consideration under California . . . law."). For these reasons, Defendant has met its burden to establish the existence of a valid and

Parker Ibrahim & Berg LLP
Costa Mesa, CA

enforceable contract to arbitrate and the Motion should be granted.

Moreover, the dispute at issue is encompassed by the arbitration provision. The Agreement's arbitration clause encompasses "[a]ny controversy or claim arising out of or relating to this Agreement, any other agreement between [Bryant] and [RHF], any Account established hereunder, [and] any transaction therein . . . ." (Esdaile Decl., Ex. 2 § 39(A) [pg. 32]).

In determining whether a particular claim falls within the scope of an arbitration agreement, the court's focus is on the factual underpinnings of the claim rather than the legal theories alleged in the complaint. *See Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir. 1996) ; *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987). Thus, statutory claims averred by consumers are subject to broadly worded arbitration agreements. *See Hornicek v. Cardworks Servicing, LLC*, No. 10-CV-3631, 2011 U.S. Dist. LEXIS 70125, at *13 (E.D. Pa. Mar. 17, 2011) (FDCPA claims fell within arbitration provision in credit card agreement).

In applying the relevant authority to each of the pending claims – statutory, contract-based, and tort claims, all arising from the Bryant's dispute regarding the account balance after his admitted default (Cmp., ¶¶ 6-12), it is clear that the arbitration provision applies. Given the broad scope of the arbitration provision in the Agreement, any dispute between Bryant and RHF is required to be brought in arbitration. For these reasons, the Motion should be granted.

### IV.    The Court Action Should Be Dismissed or Stayed Pending Arbitration

Finally, Defendant petitions this Court for an Order dismissing and/or staying the instant action pending completion of arbitration.

Defendant petitions this Court to dismiss this action under Federal Rules of Civil Procedure 12(b)(1), (3), and (6). "Substantial case law establishes that these are the correct rules under which to seek dismissal based on an arbitration provision." *Valley Power Sys., Inc. v. Elec. Co.*, No. CV-11-10726-CAS(JCx), 2012 U.S. Dist. LEXIS 26228, at *17 (C.D. Cal. Feb. 27, 2012); *accord Ideal Co., Inc. v. 1st*

Parker Ibrahim & Berg LLP
Costa Mesa, CA

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM

*Merchant Funding, LLC*, No. CV 15-07256 RSWL (GJSx), 2016 U.S. Dist. LEXIS 66270, at *7-5 (C.D. Cal. May 18, 2016); *see also, Thinket Ink Info. Ress., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1060 (9th Cir. 2004) (district court did not err in dismissing claims subject to arbitration under Rule 12(b)(6)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (district court properly dismissed a complaint under Rule 12(b)(6) where a valid and enforceable arbitration clause established the matter was subject to arbitration). As Defendant has established the arbitration provision in the Agreement is valid and enforceable, this action should be dismissed.

Alternatively, pursuant to 9 U.S.C. § 3 the action should be stayed pending completion of binding arbitration. Section 3 of the FAA provides that, once the moving party has demonstrated that the claims are referable to arbitration, the court "shall" stay the action until such arbitration has been completed. See 9 U.S.C. § 3; *see also, Browsercam, Inc. v. Gomez, Inc.*, No. C 08-02959 WHA, 2009 U.S. Dist LEXIS 9374, at *8 (N.D. Cal. Jan. 27, 2009) (the Court must stay "all matters within the scope of the arbitration agreement" and has the discretion "to stay, for '[c]onsiderations of economy and efficiency,' an entire action, including issues not arbitrable, pending arbitration"). California authorities align in this regard. *See* Cal. Civ. Proc. § 1281.4; *see also Coast Plaza Doctors Hospital v. Blue Cross of California*, 83 Cal. App. 4th 677, 693 (2000) (noting that "a stay is appropriate where '[i]n the absence of a stay, the continuation of the proceedings in the trial court disrupts the arbitration proceedings and can render them ineffective.'").

Continuation of any proceedings in Court would be disruptive to the arbitration of Plaintiff's claims. In addition, allowing proceedings to continue in court during the arbitration would waste both the Court's and the parties' resources, and diminish the effectiveness and efficiency that arbitration was meant to achieve. Thus, all further proceedings in this Court should be dismissed or stayed pending completion of arbitration.

Parker Ibrahim & Berg LLP
Costa Mesa, CA

10

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion, compelling arbitration of the claims asserted in this action pursuant to the arbitration provision of Agreement and for dismissal of this matter, or alternatively, a stay of all further proceedings pending completion of arbitration.

DATED:  February 6, 2025                    PARKER IBRAHIM & BERG LLP

By: _/s/ Mariel Gerlt-Ferraro_
    MARIEL GERLT-FERRARO
    BRYANT S. DELGADILLO
    Attorneys for Defendant
    Robinhood Financial, LLC

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION; MEMORANDUM

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

*Henry Ray Bryant, Jr. v. Reliant Capital Solutions, LLC, et al.*

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My address is 3070 Bristol Street, Suite 660, Costa Mesa, CA 92626.

On February 6, 2026, I served the foregoing document **NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION AND TO DISMISS OR STAY ACTION; MEMORANDUM** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

☐    **BY REGULAR MAIL:** I deposited the sealed envelope with the United States Postal Service with the Postage fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit. **BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** With the envelope deposited with FedEx and delivery fees thereon fully prepaid.

☒    **BY ELECTRONIC MAIL:** I served the foregoing document by electronic mail to the email address(es) listed on the service list.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 6, 2026, at Costa Mesa, California.

*/s/ Rhonda K. Viers*
Rhonda K. Viers

PROOF OF SERVICE

5459320.1

## SERVICE LIST

*Henry Ray Bryant, Jr. v. Reliant Capital Solutions, LLC, et al.*

Henry Ray Bryant, Jr.
4380 Flightwood Circle
Hemet, CA 94559

*Pro Se*

T:  951.692.8643
E:  henry_14553@yahoo.com


Brett B. Goodman, Esq.
Yu Mohandesi LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

*Attorneys for Defendant, Reliant Capital Solutions, LLC*

T:  858.757.7262
E:  bgoodman@yumollp.com
     akim@yumollp.com
     arvinpaja@yumolly.com
     goodmanlawapc@gmail.com

2
**PROOF OF SERVICE**

5459320.1