# EXHIBIT B

# Parker Ibrahim & Berg LLP

Writer's Direct Contact:
714.361.9604 (Tel.)
714.784.4190 (Fax)
Mariel.Gerlt-Ferraro@piblaw.com

www.piblaw.com

January 29, 2026

**VIA E-MAIL ONLY**

Henry Ray Bryant Jr.
4380 Flightwood Circle
Hemet, CA 92545
Henry_14553@yahoo.com

>       Re:    Henry Bryant v. Reliant Capital Solutions, LLC; Robinhood Financial LLC
>              USDC Case No. 3:25-cv-08207-VC (the "Action")
>              PIB File No. 1429.0007
>              **DEMAND FOR ARBITRATION**

Dear Mr. Bryant:

I write on behalf of Robinhood Financial LLC ("Robinhood") in connection with the above-identified matter. In the above-referenced Action, you are pursuing claims arising in connection with a "margin facility" you were extended through Robinhood. The claims at-issue in the Action are subject to and governed by a mandatory arbitration provision of the Robinhood Financial LLC & Robinhood Securities, LLC Customer Agreement ("Agreement").

Particularly, the Agreement provides that "[a]ny controversy or claim arising out of or relating to this Agreement, any other agreement between Me and Robinhood, any Account(s) established hereunder, any transaction therein, shall be settled by arbitration" The arbitration rules of FINRA apply to this matter.

As such, the claims in the Action must proceed through arbitration. Indeed, because arbitration is a highly favored means of settling disputes, arbitration agreements "must be rigorously enforce[d]." *Perry  v. Thomas*, 482 U.S. 483, 490 (1987) (internal quotes and citations omitted); *see also Kilgore v. Keybank Nat'l Assoc.*, 718 F.3d 1052, 1057 (9th. Cir 2013). While the Action was filed in federal court, it should be noted that the California Supreme Court has declared that California also has a strong public policy of enforcing arbitration agreements. *Wagner Constr. Co. v. Pac. Mech. Corp.*, 41 Cal. 4th 19, 31 (2007).

Moreover, doubts on questions of arbitrability are to be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or like defense to arbitrability"); *Coast Plaza Doctors Hosp. v. Blue Cross*, 83 Cal. App. 4th 677, 686 (2000) ("[A]ny doubts regarding the arbitrability of a dispute are resolved in favor of arbitration").

Henry Bryant
January 29, 2026
PIB File No. 1429.0007
Page | 2

PARKER IBRAHIM & BERG LLP

The arbitration provision in the Agreement is valid and enforceable.  You assented to all of the terms in the Agreement, including the arbitration provision, and any revisions thereto. *Metters v. Ralphs Grocery Co*., 161 Cal. App. 4th 696, 701 (2008).  All of the causes of action asserted against Robinhood in this Action fall within the scope of the provision, which is framed as broadly as imaginable. *See Bono v. David*, 147 Cal. App. 4th 1055, 1067 (2007). Thus, pursuant to the terms of the Agreement and FINRA Rule 12000 Series, Robinhood hereby demands the dismissal of the subject Action and submission of the claims to arbitration.

We request that you promptly advise us whether you will stipulate to an order compelling this dispute to be submitted to arbitration before FINRA. If you will not stipulate to arbitration, please be advised that Robinhood will bring a motion to compel arbitration on the grounds set forth herein.

**Confidential Communication – FRE 408**:

If you have any questions, please contact the undersigned.

Sincerely,

PARKER IBRAHIM & BERG LLP

Mariel Gerit-Ferraro