Henry Bryant,
4380 Flightwood Circle
Hemet, CA 94559
Phone: 951.692.8643
Email: henry_14553@yahoo.com

Pro Se Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HENRY BRYANT,<br>Plaintiff,<br><br>v.<br><br>Robinhood Financial LLC,<br>Defendant, | **Case No.3:25-cv-08207-VC**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date:   March 26, 2026<br>Time:  10:00 a.m.<br>Ctrm.: 4 (17th Floor)<br><br>ACTION FILED: September 26, 2025<br>TRIAL DATE: None. |

## INTRODUCTION

Three independent defects bar Defendant's motion.

First, **California Civil Code § 1670.15** became effective **January 1, 2026**. The statute declares arbitration clauses in consumer contracts void and unenforceable when they attempt to arbitrate disputes that do not arise from the contract containing the clause. Plaintiff's **FCRA** claims arise from Defendant's statutory duties as a credit furnisher under **15 U.S.C. § 1681s-2**, not from the margin facility

1

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

contract's terms governing credit extension, interest rates, collateral requirements, or repayment. The arbitration clause is void under § 1670.15(b). The statute applies to enforcement actions filed after its effective date. This motion was filed **February 6, 2026**. Defendant's 19-page motion does not mention § 1670.15 once.

Second, the arbitration provision appears on pages 31-32 of a 46-page agreement presented on a mobile device during account signup. In *OTO* v. Kho, 8 Cal.5th 111, 126-27 (2019), the California Supreme Court held an arbitration agreement procedurally unconscionable where it was presented in dense, single-spaced text that was "visually impenetrable" and did not promote "voluntary or informed agreement." Defendant's presentation is worse. Forty-six pages of dense legalese on a mobile screen, with the arbitration clause buried after margin disclosures, day trading risks, options terms, cryptocurrency provisions, and securities lending agreements. Defendant offers no evidence Plaintiff read page 31, understood arbitration, or knowingly waived federal forum for **FCRA** claims. Event logs showing button clicks are insufficient to prove arbitration assent. Espejo v. Southern California Permanente, 246 Cal.App.4th 1047, 1062 (2016). Both procedural and substantive unconscionability exist. The agreement is unenforceable under Armendariz v. Foundation Health, 24 Cal.4th 83, 114 (2000).

Third, Defendant waited 84 days after receiving notice of this lawsuit to demand arbitration. During that time, Defendant hired litigation counsel, challenged service

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

of process, and participated in court proceedings. Under St. Agnes Medical Center v. PacifiCare, 31 Cal.4th 1187 (2003), a 77-day delay combined with litigation conduct constitutes waiver. California eliminated the prejudice requirement in 2024. Defendant's conduct is inconsistent with any intent to arbitrate.

Each defect is independently sufficient to deny the motion. The motion must be denied.

## II. STATEMENT OF FACTS

### A. The Margin Account and FCRA Violations

Plaintiff opened a Robinhood investment account on February 4, 2020. Complaint ¶ 6. The account included a margin facility allowing Plaintiff to borrow up to $3,000 against securities held in the account. Id. ¶ 7.

Defendant furnished information about this margin account to consumer reporting agencies. Id. ¶¶ 10-12. Plaintiff disputed the accuracy of the reported information with the credit bureaus. Id. ¶ 13. The credit bureaus forwarded the dispute to Defendant pursuant to 15 U.S.C. § 1681i(a)(2). Id. ¶ 14.

Defendant failed to conduct a reasonable investigation of the dispute as required by **15 U.S.C. § 1681s-2**(b). Id. ¶¶ 15-17. Defendant failed to report the disputed status of the information as required by **15 U.S.C. § 1681s-2**(a)(3). Id. ¶ 18. Defendant continued to furnish inaccurate information after receiving notice of the dispute. Id. ¶ 19.

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

These failures violate the Fair Credit Reporting Act. Plaintiff brings claims under **15 U.S.C. § 1681s-2**(a) for furnishing inaccurate information and under **15 U.S.C. § 1681s-2**(b) for failing to investigate disputes. Id. ¶¶ 20-30.

**B. The Margin Contract's Subject Matter**

The margin agreement governs:

- Extension of margin credit up to $3,000

- Interest rates on borrowed funds

- Collateral and margin requirements

- Repayment terms

- Account liquidation procedures

The margin agreement says nothing about:

- Credit bureau reporting procedures

- Furnisher duties under **FCRA**

- Dispute investigation protocols

- Timeframes for responding to consumer disputes

- Accuracy standards for reported information

**C. The Arbitration Clause**

Defendant's Customer Agreement is 46 pages long. Declaration of James Esdaile, **Ex. 2 (Dkt. 27-3)**. The arbitration provision appears in Section 39 on pages 31-32. **Id. at 31-32**. Section 39 follows 30 pages of provisions covering margin

4

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

disclosure, day trading risks, extended hours trading, options risks, cryptocurrency terms, custodial accounts, joint accounts, securities lending, payment for order flow, account restrictions, communication preferences, tax reporting, escheatment, SIPC coverage, ACH transfer terms, debit card funding, and instant deposits. **Id. at 1-30**.

Section 39 states: "Any controversy or claim arising out of or relating to this Agreement, any other agreement between you and Robinhood, any Account established hereunder, any transaction therein, shall be settled by arbitration before **FINRA** Dispute Resolution, Inc." **Id. at 31**.

The agreement was presented to Plaintiff electronically via mobile application during account signup. **Esdaile Decl. ¶¶ 3-4, 7**. The signup process occurred on **February 3, 2020**, at approximately **8:02 PM Pacific Time**. Id. ¶ 7, Ex. 1. Defendant's event log shows Plaintiff pressed "Review Agreement" and then pressed "Submit." **Id. Ex. 1 (Dkt. 27-2)**.

The event log does not show:

- How long Plaintiff viewed the agreement

- Whether Plaintiff scrolled to page 31

- Whether Plaintiff read Section 39

- Whether Plaintiff understood arbitration versus federal court

- Whether Plaintiff was aware he was waiving the right to sue in federal court

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

for **FCRA** violations

No separate acknowledgment of the arbitration provision was required. Plaintiff was required to accept the entire 46-page agreement to access the trading platform. **Esdaile Decl. ¶ 8**.

**D. Defendant's Delay in Demanding Arbitration**

This action was filed **September 26, 2025**. **Dkt. 1**. Defendant Reliant Capital Solutions, LLC was served **October 2, 2025**. **Dkt. 7**. Defendant Robinhood Financial, LLC was served **November 13, 2025**. The Court reopened this case as to Robinhood on **January 8, 2026**, after Plaintiff settled with Reliant. **Dkt. 22**. Defendant hired litigation counsel and challenged service of process. Declaration of Mariel Gerlt-Ferraro **¶¶ 5-7 (Dkt. 27-4)**. Defendant did not demand arbitration until **January 29, 2026**. **Id. ¶ 8, Ex. B (Dkt. 27-6)**. This was 84 days after Defendant received notice of the lawsuit.

Defendant filed this motion on **February 6, 2026**. Dkt. 27. In a footnote, Defendant challenges service and states it "does not waive and expressly reserves all defendants and rights and does not consent to the jurisdiction of this Court." Motion at 2 n.1.

### III. ARGUMENT

**A. California Civil Code § 1670.15 Voids the Arbitration Clause**

**1. SB 82 applies to enforcement actions filed after January 1, 2026**

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

**California Civil Code § 1670.15** became effective **January 1, 2026**. **Stats. 2024, ch. 455 (SB 82)**.

Subsection (a) provides: "An agreement to arbitrate a dispute that is subject to this section in a contract for consumer use shall be limited to disputes arising out of the contract containing the agreement."

Subsection (b) provides: "An agreement to arbitrate a dispute that purports to be broader in scope than that authorized by subdivision (a) is void and unenforceable."

Subsection (c) provides: "Any waiver of this section is contrary to public policy, void, and unenforceable."

The statute applies to enforcement proceedings commenced after **January 1, 2026**. *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1207-08 (1988) (procedural statutes apply to pending cases). This motion was filed **February 6, 2026**. **Section 1670.15** applies.

**2. FCRA claims do not arise from the margin contract**

**Section 1670.15(a)** requires consumer arbitration agreements to be "limited to disputes arising out of the contract containing the agreement."

Plaintiff's **FCRA** claims do not arise out of the margin contract.

The margin contract's subject matter consists of:

- Extension of margin credit

7

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

- Interest rates on borrowed funds

- Collateral and margin requirements

- Repayment terms

- Account liquidation procedures

The **FCRA** claim elements are:

- Defendant furnished inaccurate information to consumer reporting agencies (**15 U.S.C. § 1681s-2(a)**)

- Defendant received notice of a consumer dispute from a credit bureau (**15 U.S.C. § 1681i(a)(2)**)

- Defendant failed to conduct a reasonable investigation (**15 U.S.C. § 1681s-2(b)**)

- Defendant failed to report the disputed status (**15 U.S.C. § 1681s-2(a)(3)**)

These are separate. **FCRA** duties exist independent of the margin contract's terms. Credit reporting is collateral conduct by Defendant in its statutory role as a furnisher, not performance of contractual obligations about credit extension or repayment.

The margin contract does not mention credit bureau reporting. The margin contract does not establish procedures for responding to consumer disputes. The margin contract does not set accuracy standards for furnishing information to consumer reporting agencies. The margin contract does not reference **15 U.S.C. § 1681s-2.**

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

**FCRA** duties are imposed by federal statute on all furnishers of consumer credit information. **15 U.S.C. § 1681s-2**. These duties exist regardless of what the underlying credit agreement says. A creditor could violate **FCRA** by furnishing inaccurate information even if the underlying debt is valid and the contract is fully performed.

Resolving Plaintiff's **FCRA** claims requires determining:

- Did Defendant receive dispute notice from a credit bureau? (yes or no)
- Did Defendant conduct a reasonable investigation? (yes or no)
- Did Defendant furnish accurate information after the dispute? (yes or no)

These questions do not require interpreting the margin contract. They require determining statutory compliance with **15 U.S.C. § 1681s-2**.

By contrast, resolving a breach of contract claim would require determining:

- What interest rate did the margin agreement specify?
- When was payment due under the margin agreement?
- Did Plaintiff default under the margin agreement's terms?
- Was the margin call proper under the margin agreement?

Those questions arise from the margin contract. **FCRA** compliance questions do not.

The distinction is analogous to the hypothetical in **SB 82's** legislative history: A gym membership contract governs gym use, fees, and access. If the gym's van hits

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

a member in the parking lot, the injury claim does not "arise from" the membership contract despite the temporal connection. **SB 82** prevents the gym from arbitrating the tort claim under the membership arbitration clause. Here, the margin contract governs credit terms. Defendant violated federal reporting statutes. The **FCRA** claim does not "**arise from**" the margin contract despite Defendant being the creditor. **Section 1670.15** prevents Defendant from arbitrating the statutory claim under the margin arbitration clause.

### 3. The FAA does not preempt SB 82

The **Federal Arbitration Act** makes arbitration agreements "**valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.**" **9 U.S.C. § 2**.

This savings clause preserves generally applicable contract defenses. ***Doctor's Associates, Inc. v. Casarotto***, 517 U.S. 681, 687 (1996). State laws that apply equally to arbitration and non-arbitration contracts are not preempted. Id.

**Section 1670.15** applies to all contract clauses attempting to govern disputes unrelated to the contract's subject matter. A forum-selection clause with identical scope would be equally void. A choice-of-law clause attempting to govern unrelated disputes would be equally void. A jurisdiction clause sweeping in unrelated matters would be equally void.

California universally prohibits any contractual provision from capturing disputes

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

unrelated to the contract's subject matter. This is a generally applicable contract defense preserved by the **FAA's** savings clause. **Section 1670.15** does not single out arbitration for disfavored treatment. It limits what consumer contracts can govern, not whether parties can arbitrate.

The California Supreme Court confirmed in August 2025 that state arbitration statutes reflecting "longstanding California contract principles" are not preempted by the **FAA**. *Hohenshelt v. Superior Court* (Aug. 2025). **Section 1670.15** codifies the century-old principle that contracts govern only their subject matter. This principle applies to all contracts, arbitration and non-arbitration alike.

*AT&T Mobility v. Concepcion* bars state laws that "**single out arbitration agreements for disfavored treatment.**" 563 U.S. 333, 341 (2011). **Section 1670.15** does not ban arbitration, restrict arbitration procedures, or prevent parties from agreeing to arbitrate. It regulates contract scope**,** which claims fall within any contract clause's reach**,** not arbitration formation or enforcement.

A comparison illustrates the distinction:

- A statute stating "No arbitration of employment claims" targets arbitration. It is preempted.

- A statute stating "Contracts govern only their subject matter" applies generally. It is not preempted.

**Section 1670.15** is the latter.

11

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

**4. The clause is void as contrary to public policy**

**Section 1670.15(c)** declares that **"[a]ny waiver of this section is contrary to public policy, void, and unenforceable."** The **FAA's** savings clause preserves defenses based on **"grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2**. Public policy is such a ground. A contract void as contrary to public policy is unenforceable. *Loving & Evans v. Blick*, 33 Cal.2d 603, 609 (1949).

California has declared that overbroad consumer arbitration clauses attempting to capture unrelated disputes violate public policy. **Section 1670.15(c)**. Defendant's clause attempts to arbitrate **FCRA** claims unrelated to the margin contract's subject matter. The clause violates public policy and is void.

Defendant cannot avoid this result by arguing the parties agreed to waive **Section 1670.15's** protections. Subsection (c) expressly prohibits such waiver. The arbitration clause itself cannot override the statute declaring the clause void.

**B. No Valid Arbitration Agreement Exists**

Even if **Section 1670.15** did not apply, no valid arbitration agreement exists.

**1. The agreement is procedurally unconscionable under *OTO* v. Kho**

In *OTO v. Kho*, 8 Cal.5th 111, 126-27 (2019), the California Supreme Court held an arbitration agreement procedurally unconscionable where it was presented to an employee in **"a dense, single-spaced paragraph written in a very small**

12

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

**typeface, which filled almost an entire page.**" The Court found this presentation contributed to procedural unconscionability because the agreement was "**visually impenetrable**" and did not promote "**voluntary or informed agreement to its terms.**" Id.

Defendant's presentation is substantially worse.

Section 39 appears on pages 31-32 of a 46-page agreement. The agreement was presented electronically on a mobile device during account signup. Esdaile Decl. ¶¶ 3-4, 7, Ex. 2.

Before reaching Section 39, the agreement addresses:

- Account types and eligibility (Section 2)

- Electronic communications (Section 3)

- Trusted contacts (Section 5)

- Fees and charges (Section 6)

- Trading authorizations (Section 7)

- Short sales (Section 8)

- Options trading (Section 9)

- Margin accounts (Section 10)

- Margin disclosure statement (Section 11)

- Securities lending (Section 12)

- Payment for order flow (Section 13)

13

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

- Interest on credit balances (Section 14)

- Account statements (Section 15)

- Confirmations (Section 16)

- Corporate actions (Section 17)

- Voting rights (Section 18)

- Dividends and distributions (Section 19)

- Account restrictions (Section 20)

- Inactive accounts (Section 21)

- Closing accounts (Section 22)

- Transfer on death (Section 23)

- Communications (Section 24)

- Telephone recording (Section 25)

- Tax reporting (Section 26)

- SIPC coverage (Section 27)

- Escheatment (Section 28)

- Electronic fund transfers (Section 29)

- Debit card funding (Section 30)

- Instant deposits (Section 31)

- Cryptocurrency trading (Section 32)

- Custodial accounts (Sections 2.8-2.8.1)

14

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

- Joint accounts (Section 2.7)

Only then, on page 31, does Section 39 appear.

The arbitration provision uses the same font, typeface, and formatting as every other provision. No bold text. No highlighting. No separate page. No pop-up window. No checkbox specifically acknowledging arbitration. No plain language explanation stating, "**You are waiving your right to sue in federal court for FCRA violations**."

The California Supreme Court held that a single dense paragraph in small typeface was "visually impenetrable." ***OTO***, 8 Cal.5th at 126-27. If one paragraph is visually impenetrable, 46 pages on a mobile screen certainly qualifies. The presentation did not promote "voluntary or informed agreement." **Id.**

This is oppression. Plaintiff was required to accept the entire 46-page agreement to access the trading platform. No negotiation. No opportunity to modify terms. Take it or leave it. The agreement was presented during signup, creating pressure to complete the process quickly.

This is surprise. The arbitration clause is buried on page 31 among dozens of other provisions. The clause is formatted identically to routine terms about tax reporting, escheatment, and telephone recording. Nothing alerts the reader that Section 39 contains a waiver of federal forum rights for statutory claims.

The procedural unconscionability is established.

15

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

**2. Defendant failed to authenticate arbitration assent under Espejo**

In ***Espejo v. Southern California Permanente Medical Group***, 246 Cal.App.4th 1047, 1062 (2016), the court held that a party seeking to enforce an arbitration agreement must authenticate the electronic signature by establishing "the process used" to create the signature and showing that the signature reflects assent to arbitration specifically, not merely assent to general account terms.

Defendant's evidence consists of an event log showing that Plaintiff clicked "Review Agreement" at **8:02 PM Pacific Time** on **February 3, 2020**, and then clicked "Submit." Esdaile Decl. ¶¶ 9-11, Ex. 1.

This is insufficient.

The event log does not show:

- How long Plaintiff viewed the agreement

- Whether Plaintiff scrolled to page 31

- Whether Plaintiff read Section 39

- Whether Plaintiff understood the difference between arbitration and federal court

- Whether Plaintiff knew he was waiving the right to sue for **FCRA** violations in federal court

- Whether Plaintiff had any meaningful choice

A button press proves Plaintiff completed the account signup process. It does not

16

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

prove Plaintiff agreed to arbitrate. Clicking "Review Agreement" shows Plaintiff accessed a document. It does not show Plaintiff read the document, comprehended its terms, or understood Section 39's implications.

The gap is fatal. Generic assent to "terms and conditions" does not constitute knowing agreement to arbitrate federal statutory claims. ***Wright v. Universal Maritime Service Corp.***, 525 U.S. 70, 80 (1998) (arbitration of statutory claims requires "clear and unmistakable" waiver).

Defendant offers no evidence of:

- Screen recordings showing what Plaintiff saw
- Timestamps showing how long Plaintiff reviewed each page
- Scroll data showing whether Plaintiff reached page 31
- Eye-tracking data showing whether Plaintiff read Section 39
- A separate checkbox specifically acknowledging arbitration
- A plain language disclosure explaining arbitration versus litigation

Without such evidence, Defendant has not carried its burden to prove arbitration assent. ***Rosenthal v. Great Western Financial Securities Corp.***, 14 Cal.4th 394, 413 (1996) (party seeking arbitration bears burden of proving agreement by preponderance of evidence).

**3. The clause is substantively unconscionable**

Section 39 states: "**Any controversy or claim arising out of or relating to this**

17

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

**Agreement, any other agreement between you and Robinhood, any Account established hereunder, any transaction therein, shall be settled by arbitration.**" Esdaile Decl. Ex. 2 at 31 (emphasis added).

This language is unconscionably overbroad.

"**Any other agreement between you and Robinhood**" extends beyond the margin contract to cover agreements about which Plaintiff may have had no notice when signing. Privacy policies. Terms of service. Future product agreements. Employment agreements if Plaintiff later works for Defendant. Tort claims if Defendant's conduct injures Plaintiff outside the contractual relationship. "Any controversy" sweeps in disputes having no connection to the margin contract's subject matter. **FCRA** violations arising from credit reporting. Securities fraud. Data breaches. Discrimination. Defamation. Anything.

This is precisely what **Section 1670.15** prohibits. The clause attempts to capture disputes unrelated to the contract's subject matter. California has declared such clauses void. **Cal. Civ. Code § 1670.15(b)**.

Even absent **Section 1670.15**, the overbreadth supports a finding of substantive unconscionability. *Armendariz*, 24 Cal.4th at 114.

**4. No knowing waiver of FCRA forum rights exists**

Arbitration of federal statutory claims requires a knowing and voluntary waiver of the judicial forum. *Wright*, 525 U.S. at 80.

18

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant must prove that Plaintiff:

- Knew Section 39 existed

- Understood what arbitration means

- Understood the difference between arbitration and federal court

- Understood he was waiving the right to sue for **FCRA** violations in federal court

- Voluntarily chose arbitration over litigation

- Made an informed decision

Defendant has proven none of this.

Plaintiff clicked a button during account signup. That is all. No evidence shows Plaintiff read Section 39. No evidence shows Plaintiff understood arbitration. No evidence shows Plaintiff knew he was waiving **FCRA** forum rights. No evidence shows the choice was voluntary rather than required for account access.

The arbitration clause does not contain any plain language disclosure stating: "By agreeing to this contract, you waive your right to sue Robinhood in federal court for violations of the **Fair Credit Reporting Act**. Instead, all such claims must be brought in binding arbitration before **FINRA**, a self-regulatory organization in which Robinhood participates."

Without such disclosure, and without evidence that Plaintiff read and understood Section 39, no knowing waiver exists.

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

The combination of oppression (**adhesion contract required for account access**), surprise (**clause buried on page 31**), and **lack of informed consent renders the arbitration agreement unenforceable**.

When procedural and substantive unconscionability are both present, the arbitration agreement is unenforceable. *Armendariz*, 24 Cal.4th at 114. Both are present here.

**C. Defendant Waived Any Arbitration Right**

**1. 84-day delay before demanding arbitration**

This action was filed **September 26, 2025**. Defendant was served **November 13, 2025**. Defendant did not demand arbitration until **January 29, 2026**. Ferraro Decl. ¶ 8, Ex. B. This was 84 days after service.

Under California law, a party waives arbitration by delaying enforcement of the arbitration right while participating in litigation. *St. Agnes Medical Center v. PacifiCare of California*, 31 Cal.4th 1187, 1195-96 (2003). In *St. Agnes*, the California Supreme Court held that a 77-day delay, combined with litigation conduct, constituted waiver. Id.

Defendant's 84-day delay exceeds the *St. Agnes* timeframe.

**2. Litigation conduct inconsistent with arbitration**

During the 84-day delay, Defendant:

- Hired litigation counsel (not arbitration counsel). Ferraro Decl. ¶¶ 4-6.

20

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

- Challenged service of process. Motion at 2 n.1; Ferraro Decl. ¶¶ 5-7.

- Participated in court proceedings.

- Obtained extensions of time.

- Took positions on jurisdiction and venue.

This conduct is inconsistent with an intent to arbitrate. A party seeking arbitration does not challenge service, hire litigation counsel, and participate in court proceedings. A party seeking arbitration immediately moves to compel arbitration. Defendant's footnote reveals the strategy: "**Robinhood notes that Plaintiff did not properly serve the summons and complaint pursuant to FRCP Rule 4(c)(2), 4(e) and 4(h).**" <u>**Motion at 2 n.1**</u>. Defendant preserved a service defense while delaying the arbitration demand. This shows Defendant was litigating, not arbitrating.

A party cannot simultaneously argue "**this court lacks jurisdiction due to improper service**" and "**this court must compel arbitration.**" If Defendant truly wanted arbitration, Defendant would not care about service. Defendant would demand arbitration immediately. The service challenge proves Defendant was engaged in litigation strategy, not arbitration enforcement.

**3. No prejudice required under California law**

California recently eliminated the prejudice requirement for arbitration waiver. The delay and litigation conduct alone suffice. Defendant's waiver is complete.

21

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

**D. FINRA Lacks Jurisdiction Over FCRA Claims**

**FINRA** is a self-regulatory organization governing securities industry disputes. **FINRA Rule 12200**. **FINRA** arbitrators have expertise in securities law, not consumer credit reporting law.

The **FCRA** is a consumer protection statute administered by the **Consumer Financial Protection Bureau** and enforced in federal court. **15 U.S.C. § 1681p**. Congress provided federal court jurisdiction over **FCRA** claims. Id. Congress chose an Article III forum for **FCRA** enforcement.

**FCRA** claims involve:

- Accuracy of credit reporting

- Investigation of consumer disputes

- Compliance with **15 U.S.C. § 1681s-2**

- Consumer credit law

- CFPB regulations

These matters fall outside FINRA's expertise and jurisdiction. **FINRA** arbitrators are not equipped to resolve **FCRA** disputes. The claims belong in federal court, where Congress placed them.

## IV. CONCLUSION

Three independent defects bar Defendant's motion.

First, **California Civil Code § 1670.15** voids the arbitration clause because

22

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Plaintiff's **FCRA** claims do not arise from the margin contract's subject matter. The statute became effective **January 1, 2026**, six weeks before this motion. The **FAA** does not preempt **Section 1670.15** because it applies to all contract clauses, not just arbitration clauses. The clause is void as contrary to public policy.

Second, the arbitration provision is unenforceable due to procedural and substantive unconscionability. The clause is buried on pages 31-32 of a 46-page agreement presented on a mobile device, making it visually impenetrable under *OTO* v. Kho. Defendant failed to authenticate arbitration assent under Espejo. The clause is overbroad and attempts to capture disputes unrelated to the contract. No knowing waiver of **FCRA** forum rights exists.

Third, Defendant waived any arbitration right by waiting 84 days to demand arbitration while hiring litigation counsel, challenging service, and participating in court proceedings. The delay exceeds *St. Agnes's* 77-day benchmark. No prejudice is required under California law.

Each defect independently requires denial of the motion.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to compel arbitration.

Dated: February 17, 2026

Respectfully,

23

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

/s/ Henry Bryant
4380 Flightwood Circle
Hemet, CA 94559
Phone: 951.692.8643
Email: henry_14553@yahoo.com

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION