**PARKER IBRAHIM & BERG LLP**
MARIEL GERLT-FERRARO (CA Bar No. 251119)
mariel.gerlt-ferraro@piblaw.com
BRYANT S. DELGADILLO (CA Bar No. 208361)
bryant.delgadillo@piblaw.com
3070 Bristol Street, Suite 660
Costa Mesa, California 92626
Tel: (714) 361-9550
Fax: (714) 784-4190

Attorneys for Defendant
Robinhood Financial, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henry Bryant,<br><br>  Plaintiff,<br><br>  v.<br><br>Reliant Capital Solutions, LLC;<br>Robinhood Financial LLC,<br><br>  Defendants, | CASE NO.:  3:25-cv-08207-VC<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL BINDING ARBITRATION AND TO DISMISS OR STAY ACTION; MEMORANDUM**<br><br>Date:  March 26, 2026<br>Time:  10:00 a.m.<br>Ctrm.:  4 (17th Floor)<br><br>  ACTION FILED:  September 26, 2025<br>  TRIAL DATE:  None. |

**TO THE HONORABLE COURT, TO ALL PARTIES:**

Defendant Robinhood Financial LLC ("**RHF**" or "**Defendant**")[1] hereby submits the following reply in support of its motion for an order compelling plaintiff Henry Bryant ("**Bryant**" or "**Plaintiff**") to arbitrate all purported disputes with Defendant and for the dismissal or a stay of the instant action.

---

[1] By filing this reply brief, RHF does not waive and expressly reserves all rights regarding the lack of proper service of the summons and complaint pursuant to FRCP Rule 4(c)(2), 4(e) and 4(h).

# **TABLE OF CONTENTS**

I.  SUMMARY OF ARGUMENT ............................................................................1

II.   ARBITRATION SHOULD BE COMPELLED .......................................1

    A.  Plaintiff's Argument Pertaining to Civil Code § 1670.15 is Untenable .................................................................................................2

    B.  The FAA Preempts Civ. Code § 1670.15 ............................................5

    C.  Plaintiff's Unconscionability Argument Fails .....................................7

    D.  Plaintiff's Execution of the Agreement is Sufficiently Authenticated ........................................................................................9

    E.  Plaintiff's Waiver Argument is Unsupported .....................................10

    F.  Compelling Arbitration is Appropriate as to Each of Plaintiff's Claims ...............................................................................................12

    G.  The Court Action Should Be Dismissed or Stayed Pending Arbitration .........................................................................................13

III.   CONCLUSION ........................................................................................13

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

# **TABLE OF AUTHORITIES**

## **Cases**

*Ajamian v. CantorCO2e, L.P.*,
203 Cal. App. 4th 771, 796 (2012) .................................................................8

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
24 Cal. 4th 83, 114 (2000) ...........................................................................7

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333, 341 (2011)...........................................................................5, 6

*AT&T Tech., Inc. v. Communications Workers of Am.*,
475 U.S. 643, 650 (1986) ............................................................................6

*Baltazar v. Forever 21, Inc.*,
62 Cal. 4th 1237, 1243 (2016) ......................................................................8

*Benny v. Pipes*,
799 F.2d 489, 492 (9th Cir. 1986)................................................................11

*Brennan v. Opus Bank*,
796 F.3d 1125, 1130 (9th Cir. 2015) .............................................................12

*Brookwood v. Bank of Am.*,
45 Cal. App. 4th 1667, 1674 (1996) ........................................................10, 12

*Brown v. Wells Fargo Bank, N.A.*,
168 Cal. App. 4th 938, 955 (2008) .............................................................7, 9

*Chamber of Commerce of the United States v. Bonta*,
62 F.4th 473, 486 (9th Cir. 2023) ..................................................................6

*Chappel v. Lab. Corp. of Am.*,
232 F.3d 719, 725 (9th Cir. 2000)................................................................13

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213, 218 (1985)............................................................................12

*Epic Sys. Corp. v. Lewis*,
584 U.S. 497, 525 (2018).............................................................................5

*Espejo v. S. Cal. Permanente Med. Grp.*,
246 Cal. App. 4th 1047, 1062 (2016) ...........................................................10

*Evangelatos v. Superior Ct.*,
44 Cal. 3d 1188, 1209 (1988) .....................................................................2, 3

*Genesco, Inc. v. Kakiuchi & Co.*,
815 F.2d 840, 846 (2d Cir. 1987)...................................................................4

*Gilmer v. Interstatel Johnson Lane Corp.*,
500 U.S. 20, 26 (1991)................................................................................6

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

*Gipbsin v. Deforest*,
593 F. App'x 739, 740 (9th Cir. 2015) ................................................................10

*Hohenshelt v. Superior Court*,
18 Cal. 5th 310, 323 (2025) ..................................................................................6

*Johannsen v. Morgan Stanley Credit Corp.*,
No. 2:11-cv-01516-MCE-KJN, 2012 U.S. Dist. LEXIS 5367, at *12 (E.D.
Cal. Jan. 10, 2012)............................................................................................7, 9

*Kindred Nursing Ctrs. Ltd. P'ship v. Clark*,
581 U.S. 246, 251 (2017) ......................................................................................5

*Leer v. Murphy*,
844 F. 2d 628, 634 (9th Cir. 1988) ......................................................................10

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*,
363 F.3d 1010, 1012 (9th Cir. 2004) ...................................................................12

*Lynch v. Cal. Coastal Com.*,
3 Cal. 5th 470, 475 (2017) ..................................................................................12

*Maher v. Wells Fargo Clearing Servs., LLC*,
No. 8:23-cv-01015-FWS-JDE, 2023 U.S. Dist. LEXIS 221334, at *27
(C.D. Cal. Dec. 12, 2023) .....................................................................................8

*Metters v. Ralphs Grocery Co.*, 1
61 Cal. App. 4th 696, 701 (2008) ........................................................................10

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*,
473 U.S. 614, 624, n13 (1985) .............................................................................4

*OTO v. Kho*,
8 Cal. 5th 111, 126-27 (2019) ..........................................................................7, 8

*Perry v. Thomas*,
482 U.S. 483, 492 (1987) ......................................................................................5

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., LLC*,
55 Cal. 4th 223, 246 (2012) ..................................................................................7

*Quach v. Cal. Commerce Club, Inc.*,
16 Cal. 5th 562, 575, 582 (2024) ........................................................................11

*Rickards v. United Parcel Service, Inc.*,
206 Cal. App. 4th 1523 ..........................................................................................9

*Rosenthal v. Great Western Financial Securities Corp.*,
14 Cal. 4th 394, 402-03 (1996) ...........................................................................12

*Simmons v. Morgan Stanley Smith Barney, LLC*,
872 F. Supp. 2d 1002, 1018 (S.D. Cal. 2012)........................................................7

*Simula, Inc. v. Autoliv, Inc.*,
175 F.3d 716, 721 (9th Cir. 1999).........................................................................4

Parker Ibrahim & Berg LLP
Costa Mesa, CA

iii

*St. Agnes Medical Center v. PacifiCare of California*,
31 Cal. 4th 1187, 1195-96 (2003)...........................................................................11

*Stussy, Inc. v. Shein*,
No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *14, 17
(C.D. Cal. Sep. 23, 2022)........................................................................................11

*Tanious v. Wells Fargo Advisors Fin. Network, LLC*,
No. 2:24-cv-03903-ODW (Ex), 2024 U.S. Dist. LEXIS 204245, at *7-8
(C.D. Cal. Nov. 8, 2024)...........................................................................................7

*Trippe Mfg. Co. v. Niles Audio Corp.*,
401 F.3d 529, 532 (3d Cir. 2005).............................................................................6

*Van Ness Townhouses v. Mar Industries Corp.*,
862 F.2d 754, 756 (9th Cir. 1988).........................................................................12

*Wright v Universal Maritime Service Corp.*,
525 U.S. 70 (1998)..................................................................................................10

**Statutes**

Bus. & Prof. Code § 302.................................................................................................3

Cal. Civ. Code § 1633.1 *et seq* ....................................................................................9

Cal. Civ. Code § 1633.7, subd. (c)................................................................................9

Cal. Civ. Code § 1633.9(a) ...........................................................................................9

Cal. Civ. Code § 1670.15.............................................................................................3

Cal. Civ. Code § 1670.15(b).........................................................................................3

Cal. Civ. Code § 1788 et seq. .......................................................................................2

Cal. Civ. Code 1799.90-1799.104 ...............................................................................3

Cal. Corp. Code §§ 25000, et seq ................................................................................3

**Rules**

FRCP Rule 4 ................................................................................................................11

FRCP Rule 12(b)(6) ....................................................................................................13

**Codes**

9 U.S.C. § 2...................................................................................................................6

15 U.S.C. § 1681 et seq. ...............................................................................................2

15 U.S.C. § 78c.............................................................................................................3

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

**Other**

Senate Rules Committee Comment dated May 25, 2025, pg. 3 ................................4

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

## I.    SUMMARY OF ARGUMENT

Each of the claims presented by Plaintiff in this action pertain to his investment account with RHF. Through his opposition, Plaintiff seeks to apply standards pertaining to consumer transactions with regard to his FCRA claim, but the subject investment account is not governed by such laws. Plaintiff does not discuss the arbitrability of any of the other pending claims in his opposition, seemingly conceding that arbitration should be compelled as to each such claim.

Moreover, Plaintiff identifies no legal grounds to overcome the enforceability of the arbitration agreement in this instance even as to the FCRA claim. Plaintiff's reference to a newly enacted California statute is unsupported because the statute is not retroactive, is preempted by the Federal Arbitration Act ("**FAA**"), and otherwise, does not apply to the subject agreement.

Moreover, the FINRA-compliant arbitration agreement is not unconscionable as argued by Plaintiff. Plaintiff bears the burden of establishing unconscionability and he has failed to demonstrate either procedural or substantive unconscionability.

Finally, Plaintiff's assertion that there was a waiver of the right to arbitrate is wholly unsupported. Indeed, Plaintiff failed to even properly serve the summons and complaint in this action and by RHF's initial appearance it sought to compel arbitration.

RHF established the existence of an enforceable arbitration agreement that encompasses all the claims in this action. Accordingly, the Motion should be granted.

## II.    ARBITRATION SHOULD BE COMPELLED

The subject agreement provides that "[a]ny controversy or claim arising out of or relating to this Agreement, any other agreement between [Plaintiff] and [RHF], any Account establish hereunder, any transaction therein, shall be settled by arbitration"

/ / /

/ / /

/ / /

Parker Ibrahim & Berg LLP
Costa Mesa, CA

with FINRA.[2] See Esdaile Decl., Ex. 2, pg. 32. Each of Plaintiff's claims falls within the arbitration clause because each claim is premised upon conduct arising from activity regarding the investment / "margin" account. *See* Complaint ("**Cmp**."), ¶¶ 16, 18, 20, 22; *see also* Opposition ("**Opp**.") at 3:11-27 (reciting that the matter pertains to an investment account opened on 2/4/2020 and included a "margin facility").[3]

A reading of the plain language of the agreement reflects that each claim arises out of or relates to the account and account agreement.

### A.    Plaintiff's Argument Pertaining to Civil Code § 1670.15 is Untenable

In his opposition, Plaintiff asserts that newly enacted Civil Code § 1670.15 "voids" the arbitration clause. Opp. at 1:22-2:5, 6:25-7:19. Plaintiff's argument fails for several reasons.

First, Civil Code § 1670.15 is inapplicable to the subject agreement and pending action. That is, Plaintiff cannot apply Section 1670.15 to a dispute that arose prior to it taking effect. California "Civil Code section 3, one of the general statutory provisions governing the interpretation of all the provisions of the Civil Code" states that "[n]o part of [this Code] is retroactive, unless expressly so declared." *Evangelatos v. Superior Ct.,* 44 Cal. 3d 1188, 1209 (1988)[4] (internal quotations omitted). SB 82,

[2] Plaintiff's assertion that FINRA is not equipped to adjudicate the dispute in this matter is wholly unsupported. Opp. at 22:20-22.

[3] Second Cause of Action for Violations of the Rosenthal Act (Cal. Civ. Code § 1788 et seq.) pertaining to the subject debt (margin account). Cmp., ¶ 16; Third Cause of Action for Violations of the Securities Exchange Act & Rule 10B-5 pertaining to the Plaintiff's account with RHF. Cmp., ¶ 18; Fourth Cause of Action for Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), pertaining to the subject investment account and reporting thereon. Cmp., ¶ 20; and Fifth Cause of Action for Breach of Contract, Conversion, and UCC Violations pertaining to subject investment account. Cmp., ¶ 22.

[4] Plaintiff's reliance to *Evangelatos* for the proposition that 'procedural statutes apply to pending cases' is misplaced. Opp. at 7:14-18. Indeed, the court in *Evangelatos* plainly concluded that "It is a widely recognized legal principle, specifically embodied

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

enacted 1/1/2026 as Civil Code § 1670.15 does not apply retroactively to Plaintiff's dispute because the code contains no provision for retroactive application. *See* Civ. Code § 1670.15.

Second, the provision specifically applies to consumer use agreements, e.g., agreements pertaining to goods, services, or credit primarily for personal, family, or household purposes. Bus. & Prof. Code § 302. Investment vehicles such as stocks and bonds are not "consumer goods". *See* Cal. Corp. Code §§ 25000, et seq. (CA Corporate Securities Law); *see e.g.* Civ. Code 1799.90-1799.104 (what constitutes consumer credit contracts), *see also* 15 U.S.C. § 78c (Securities Exchange definitions). As such, the section is wholly inapplicable to the subject agreement and the subject of Plaintiff's complaint.

Furthermore, even if Section 1670.15 could be applied, which would be improper, arbitration should be compelled because the claims asserted fall within the agreement. Pursuant to Section 1670.15(b), "[d]ispute resolution terms and conditions of a consumer use agreement shall be limited to the use, payment, or provision of the good, service, money, or credit provided by that consumer use agreement." Civ. Code § 1670.15(b).

Plaintiff asserts that the FCRA claim is not subject to arbitration because the subject agreement contains no language pertaining to credit reporting and is "unrelated". Opp. at 4:14-21, 12:12-14. Plaintiff is wrong. Indeed, the subject agreement contains language permitting RHF to obtain reports and provide information to others regarding creditworthiness. Esdaile Decl., Ex. 2, pg. 9. The agreement also includes provisions for RHF to respond to requests from and/or disclose information to credit bureaus, including for account-related information. *Id.*, pgs. 21, 34. There can be no doubt that a dispute over credit reporting and

in section 3 of the Civil Code, that in the absence of a clear legislative intent to the contrary statutory enactments apply prospectively" and not retroactively. *Evangelatos*, 44 Cal. 3d at 1194.

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

communications with the credit bureaus falls squarely within the provisions of the agreement and therefore, the FCRA claim challenging such activity is within the scope of the agreement. To find otherwise would run afoul of the contractual provisions and the legislative intent behind Section 1670.15.

Indeed, Section 1670.15 arose in part in response to litigation involving Disney in which a Disney park visitor suffered an allergic reaction at a restaurant in Disney World and ultimately passed away.  The decedent's husband brought a wrongful death suit against the company; however, Disney argued that the case had to go through arbitration because of an arbitration clause in the terms of use signed in 2019 when the family signed up for a Disney+ account for a month-long trial. *See* Senate Rules Committee Comment dated May 25, 2025, pg. 3 (https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=202520260SB82#). The legislative history is clear that the type of claim intended to be excised from broad arbitration provisions by Section 1670.15 are those that fall well outside of the foreseeable scope of conduct anticipated by the agreement. But no such analogy can be drawn here. As noted, the subject agreement specifically contains language regarding credit reporting activities. As such, Plaintiff's argument that the FCRA claim does not arise from the subject agreement is simply untenable. *See* Opp. at 7:20-10:9.

Moreover, Ninth Circuit authority is clear that to "require arbitration, [the] factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 624, n13 (1985) (noting that 'insofar as the allegations underlying the statutory claims touch matters covered by the enumerated articles, [we] properly resolve[] any doubts in favor of arbitrability'); *Genesco, Inc. v. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987) (holding that if factual allegations touch matters covered by agreements, then claims must be arbitrated)." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Parker Ibrahim & Berg LLP
Costa Mesa, CA

1999). Accordingly, the Motion should be granted and arbitration compelled.

**B.      The FAA Preempts Civ. Code § 1670.15[5]**

In *Perry v. Thomas*, the Supreme Court ruled that Section 2 of the FAA created a body of federal substantive law of arbitrability. This was so, said the Court, even if there is a state substantive or procedural policy to the contrary. Further, this body of federal substantive law is enforceable in both state and federal courts. *Perry v. Thomas*, 482 U.S. 483, 492 (1987).

Indeed, over the past two decades, the Supreme Court has broadened the scope and applicability of the FAA, making it clear that the FAA was designed to promote arbitration. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 525 (2018). Additionally, state laws that explicitly interfere with the enforcement of an arbitration agreement are preempted. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011). "The FAA thus preempts any state rule discriminating on its face against arbitration—for example, a 'law prohibit[ing] outright the arbitration of a particular type of claim.' [internal citation omitted] And not only that: The Act also displaces any rule that covertly accomplishes the same objective by disfavoring contracts that (oh so coincidentally) have the defining features of arbitration agreements." *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 581 U.S. 246, 251 (2017). Recently the Ninth Circuit found a California Assembly Bill preempted, reasoning that while "AB 51 does not expressly bar arbitration agreements. There is no doubt, though that AB 51 disfavors the formation of agreements that have the essential terms of an arbitration agreement. […] Because a person who agrees to arbitrate disputes must necessarily waive the right to bring civil actions regarding those disputes in any other forum, AB 51 burdens the defining feature of arbitration agreements." *See Chamber of Commerce of the*

[5] Plaintiff's assertion that the arbitration provision is void based upon the waiver language of Section 1670.15(c) is nonsensical. Section 1670.15 did not exist when the subject agreement was entered and there is no such "waiver" provision pertaining to 1670.15 therein. *See* Opp. at 12:2-4.

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

*United States v. Bonta*, 62 F.4th 473, 486 (9th Cir. 2023).

The same analysis applies here. While Section 1670.15 does not expressly bar arbitration agreements as a whole, to the extent it could be applied as suggested by Plaintiff, it necessarily disfavors arbitration by seeking to carve out claims, thereby burdening the defining feature of an arbitration agreement.[6] Thus, the statute should be preempted by the FAA.

The FAA creates a presumption in favor of arbitration and requires the enforcement of a written agreement to arbitrate. 9 U.S.C. § 2; *see also AT&T Mobility LLC*, 563 U.S. at 344 (2011) ("The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'"). Indeed, as the Supreme Court noted in *AT&T Mobility*, it is "beyond dispute that the FAA was designed to promote arbitration." *Id.* at 345. Arbitration should be refused only where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005) (quoting *AT&T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)). The party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity. *See Gilmer v. Interstatel Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Plaintiff has failed to establish that his claims are not covered by the agreement, that Section 1670.15 even applies or is otherwise not preempted; and, cannot establish the invalidity of the agreement. As such, arbitration must be ordered in this matter.

---

[6] Plaintiff's reliance on *Hohenshelt v. Superior Court* for the general proposition that "longstanding California contract principals are not preempted by the FAA" is misplaced. *See* Opp. at 11:8-11 (referencing *Hohenshelt*, 18 Cal. 5th 310, 323 (2025)). Indeed, in *Hohenshelt*, the issue was whether the FAA preempted a statutory provision that prohibits *strategic* non-payment of arbitration fees. The Court found such prohibition did not disfavor or interfere with the FAA and therefore, was not preempted. No similar facts are presented here.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Parker Ibrahim & Berg LLP
Costa Mesa, CA

### C.    Plaintiff's Unconscionability Argument Fails

In his opposition, Plaintiff asserts that the arbitration agreement is unconscionable under *OTO v. Kho*. Opp. at 12:23-24 (citing *OTO v. Kho*, 8 Cal. 5th 111, 126-27 (2019)). Plaintiff, as the party asserting unconscionability, bears the burden on establishing it. *OTO*, 8 Cal. 5th at 126. Plaintiff fails to establish unconscionability.

"Unconscionability has a procedural and a substantive element. [internal citation omitted] "'The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.'"" *Brown v. Wells Fargo Bank, N.A.*, 168 Cal. App. 4th 938, 955 (2008) (citing *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000)). Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." *Tanious v. Wells Fargo Advisors Fin. Network, LLC*, No. 2:24-cv-03903-ODW (Ex), 2024 U.S. Dist. LEXIS 204245, at *7-8 (C.D. Cal. Nov. 8, 2024) (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., LLC*, 55 Cal. 4th 223, 246 (2012)). "Substantive unconscionability focuses on whether the contract's terms are 'unfair' or 'one-sided.'" *Id.*

Applied here, Plaintiff has not and cannot establish unconscionability. The arbitration clause at issue here is consistent with the requirements of FINRA rules. And, both California and federal courts "have long found that FINRA . . . rules for arbitrating disputes . . . are not unconscionable." *Simmons v. Morgan Stanley Smith Barney, LLC*, 872 F. Supp. 2d 1002, 1018 (S.D. Cal. 2012) (citing *Johannsen v. Morgan Stanley Credit Corp.*, No. 2:11-cv-01516-MCE-KJN, 2012 U.S. Dist. LEXIS 5367, at *12 (E.D. Cal. Jan. 10, 2012)).

Plaintiff's reliance on *OTO* is misplaced. 12:23-24.  The *OTO* case involved an employment contract and the Court found that Kho was "required to sign the

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Parker Ibrahim & Berg LLP
Costa Mesa, CA

agreement to keep the job he had held for three years" and was given no time to ask questions or review the agreement and the agreement was written in "extremely small font" such that it challenged the "limits of legibility.". *OTO*, 8 Cal. 5th at 127-28. No similar facts exist here.

Indeed, Plaintiff was provided the subject agreement electronically and could read it at his own pace, take any amount of time desired to do so, and the subject provision is presented in bold font. Plaintiff's unsupported contention of the existence of "pressure to complete the process quickly" is simply a self-serving statement with no evidentiary basis. No procedural unconscionability is demonstrated by Plaintiff on this basis.

Moreover, no substantive unconscionability is shown. In his opposition, Plaintiff argues that the arbitration clause is substantively unconscionable because of its breadth. Opp. at 18:6-16. Plaintiff's argument is unsupported. As noted, the FINRA compliant language of the arbitration agreement has been found to be appropriate and not unconscionable. *See, Maher v. Wells Fargo Clearing Servs., LLC.*, No. 8:23-cv-01015-FWS-JDE, 2023 U.S. Dist. LEXIS 221334, at *27 (C.D. Cal. Dec. 12, 2023) (finding arbitration provision was not unconscionable). In *Maher,* the plaintiff challenged an arbitration provision that required arbitration before FINRA and was very similar to the terms of the agreement here. Thus, the rationale of the *Maher* Court is germane and should result in a finding that the subject arbitration agreement is not unconscionable. *Id.* (citing *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1243 (2016) ("The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability."); *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 796 (2012) ("Where there is no other indication of oppression or surprise, the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high."); *Johannsen v. Morgan Stanley Credit Corp.*, 2012 U.S.

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Dist. LEXIS 5367, 2012 WL 90408 at *4 (E.D. Cal. Jan. 11, 2012) ("California Courts have long found that FINRA . . . rules for arbitrating disputes . . . are not unconscionable.") (citing *Brown v. Wells Fargo Bank, NA*, 168 Cal. App. 4th 938, 957 (2008))).

For these reasons, the Motion should be granted and arbitration compelled.

**D.      Plaintiff's Execution of the Agreement is Sufficiently Authenticated**

Plaintiff asserts that his execution of the agreement was not sufficiently established. Opp. at 16:2-17:24. Plaintiff's argument is unsupported.

As set forth in the Motion, there can be no doubt that the agreement, including the arbitration provision was duly executed by Plaintiff. California supports electronic signatures on contracts.  *See California* Uniform Electronic Transactions Act ("**UETA**"), Cal. Civ. Code § 1633.1 *et seq*. Under the UETA, an electronic record satisfies the requirement that a record be in writing. Cal. Civ. Code § 1633.7, subd. (c). More succinctly, the UETA provides: "If a law requires a signature, an electronic signature satisfies the law." *Id.*, § 1633.7, subd. (d). Moreover, the UETA states that a "signature" on a contract "may not be denied legal effect or enforceability solely because it is in electronic form." *Id.,* § 1633.7, subdivisions (a) and (c). The UETA further provides that "[a]n electronic record or electronic signature is attributable to a person if it was the act of the person. ***The act of the person may be shown in any manne*r[.]"** *Id.*, § 1633.9, subd. (a) (emphasis added); *Rickards v. United Parcel Service, Inc.,* 206 Cal. App. 4th 1523, 1529 (2012). Importantly, the UETA specifically allows a proponent to prove an individual signed an on-line agreement or document by "a showing of the efficacy of any security procedure" for the process. *Id*., § 1633.9(a).

RHF has demonstrated, and Plaintiff acknowledges, that the RHF account was opened by Plaintiff. Cmp., ¶ 6. Defendant set forth the steps required by Plaintiff to open the account and Plaintiff's electronic execution of the Agreement. *See* Esdaile Decl., ¶¶ 6-12, Exs. 1-2. This is the type of protocol contemplated by the UETA and is

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Parker Ibrahim & Berg LLP
Costa Mesa, CA

sufficient to establish that the resulting electronic signature is valid and legally binding. Plaintiff's argument fails to address the UETA, thereby waiving any such argument.

Moreover, Plaintiff's reliance on *Espejo v. S. Cal. Permanente Med. Grp.* is misplaced. *See* Opp. at 16:2-13 (citing *Espejo*, 246 Cal. App. 4th 1047, 1062 (2016)). *Espejo* does not stand for the proposition advanced by Plaintiff regarding separate assent to an arbitration provision (nowhere in *Espejo* is such language found); instead, in *Espejo* the Court concluded that by "attaching a copy of the agreement to its petition, defendants had satisfied their initial burden of establishing the existence of an arbitration agreement." *Espejo*, 246 Cal. App. 4th at 1058, 1060.

Furthermore, Plaintiff fails to address relevant authority in his opposition, forfeiting such argument. *Gipbsin v. Deforest*, 593 F. App'x 739, 740 (9th Cir. 2015) (citing *Leer v. Murphy*, 844 F. 2d 628, 634 (9th Cir. 1988) ("Issues raised in a brief which are not supported by argument are deemed abandoned.")) That is, "ordinarily one who signs an instrument which on its face is a contract is deemed to assent to all its terms. A party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing." *Metters v. Ralphs Grocery Co.*, 161 Cal. App. 4th 696, 701 (2008) (citation omitted); *Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674 (1996). Plaintiff's assertion that it is unclear whether he read the provision (Opp. at 16:18-19) pertaining to arbitration is immaterial – his execution of the agreement is deemed assent to its terms.[7]

### E.    **Plaintiff's Waiver Argument is Unsupported**

As discussed in the Motion, the summons issued for RHF in this action recites

---

[7] Plaintiff's reference to *Wright v Universal Maritime Service Corp.*, 525 U.S. 70 (1998) is inapposite. Opp. at 17:5-10. The *Wright* action involved a waiver of claims done by a union in a collective bargaining agreement and the plaintiff's ADA claim was not subject to a presumption of arbitrability simply because the collective bargaining agreement contained an arbitration clause. *Wright*, 525 U.S. at 79. No similar facts are presented here.

Parker Ibrahim & Berg LLP
Costa Mesa, CA

an address / agent for service of process for RHF as "CT Corporation System" at an address in Los Angeles. Dkt., # 18. CT Corporation System is not the agent for service of process for RHF. Ferraro Decl., ¶ 6, Ex. A. And, Plaintiff never effected actual service of process in this matter pursuant to FRCP Rule 4(c)(2), 4(e) and 4(h). Nonetheless, RHF has appeared in the action by presenting the subject Motion to compel arbitration and in the same Motion raised the defective service.

In his opposition, Plaintiff completely ignores his lack of adequate service, and asserts that RHF waived its right to arbitrate by "participating in litigation" because it raised the service defect in the Motion. Opp. at 20:16-21:22 (citing *St. Agnes Medical Center v. PacifiCare of California*, 31 Cal. 4th 1187, 1195-96 (2003)[8]). Yet, a federal court does not have personal jurisdiction over a defendant unless the defendant has been served properly. FRCP Rule 4; *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). And, a party is not required to "litigate" (such as responding to discovery) until it has first appeared. *See, e.g., Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *14, 17 (C.D. Cal. Sep. 23, 2022) ("no defendant is bound to respond to a Rule 34 document request" before appearing in the action).

Thus, Plaintiff's assertion that RHF was engaged in "litigation" sufficient to effect a waiver when it had not been properly served and had not yet appeared is completely unsupported. "Waiver requires an existing right, the waiving party's knowledge of that right, and the party's 'actual intention to relinquish the right.' (internal citation omitted.) 'Waiver always rests upon intent. (internal citation omitted.) The intention may be express, based on the waiving party's words, or implied, based on conduct that is 'so inconsistent with an intent to enforce the right as

---

[8] Plaintiff's reliance on *St. Agnes* is misplaced as that case has been overruled to the extent it sought to apply to cases governed by the FAA's procedural rules. *See Quach v. Cal. Commerce Club, Inc.*, 16 Cal. 5th 562, 575, 582 (2024) (abrogating California's arbitration-specific prejudice requirement and noting that "[t]he United States Supreme Court's decision in *Morgan*, *supra*, 596 U.S. 411 renders the St. Agnes framework inapplicable in cases governed by the FAA's procedural rules.").

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

to induce a reasonable belief that such right has been relinquished.' (internal citation omitted.)" *Lynch v. Cal. Coastal Com.,* 3 Cal. 5th 470, 475 (2017). Plaintiff has not established any facts that would demonstrate waiver here. Indeed, RHF's first action taken in this matter was to move to compel arbitration. Plaintiff's argument in this regard must be rejected.

### F.    <u>Compelling Arbitration is Appropriate as to Each of Plaintiff's Claims</u>

As discussed in the Motion, securities brokerage agreements, such as the agreement here, involve commerce and are governed by the FAA.  *Rosenthal v. Great Western Financial Securities Corp.*, 14 Cal. 4th 394, 402-03 (1996); *see also Van Ness Townhouses v. Mar Industries Corp.,* 862 F.2d 754, 756 (9th Cir. 1988) (securities agreements between parties are "enforceable in accordance with the terms of the [FAA]")). "The Court's role under the FAA is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Here, RHF has established that a valid arbitration agreement exists covering the dispute, thus, arbitration must be compelled.  *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by the . . . court, but instead mandates that . . . courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

Indeed, Plaintiff signed the agreement (Civ. Code § 1633.1), and RHF is a party specifically covered by the agreement. *See* Cmp., ¶ 6; Esdaile Decl., ¶¶ 6-12, Ex. 1-2. As such, Plaintiff assented to the terms of the agreement, including the arbitration provision and its applicability to RHF and the claims asserted in this action. *Brookwood.*, 45 Cal. App. 4th at 1674. For these reasons, the Motion should be granted.

Parker Ibrahim & Berg LLP
Costa Mesa, CA

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

### G. The Court Action Should Be Dismissed or Stayed Pending Arbitration

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6), this action should be dismissed or stayed pending arbitration. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (district court properly dismissed a complaint under Rule 12(b)(6) where a valid and enforceable arbitration clause established the matter was subject to arbitration). As Defendant has established the arbitration provision in the agreement is valid and enforceable, this action should be dismissed. Alternatively, pursuant to 9 U.S.C. § 3 the action should be stayed pending completion of binding arbitration.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion, compelling arbitration of the claims asserted in this action pursuant to the arbitration provision of the agreement and for dismissal of this matter, or alternatively, a stay of all further proceedings pending completion of arbitration.

DATED:  February 27, 2025          PARKER IBRAHIM & BERG LLP


By:  */s/ Mariel Gerlt-Ferraro*
     MARIEL GERLT-FERRARO
     BRYANT S. DELGADILLO
     Attorneys for Defendant
     Robinhood Financial,  LLC

Parker Ibrahim & Berg LLP
Costa Mesa, CA

13

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

*Henry Ray Bryant, Jr. v. Reliant Capital Solutions, LLC, et al.*

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My address is 3070 Bristol Street, Suite 660, Costa Mesa, CA 92626.

On February 27, 2026, I served the foregoing document described as **REPLY IN SUPPORT OF MOTION TO COMPEL BINDING ARBITRATION AND TO DISMISS OR STAY ACTION; MEMORANDUM** on the interested parties in this action.

☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

☐   **BY REGULAR MAIL:** I deposited the sealed envelope with the United States Postal Service with the Postage fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐   **BY OVERNIGHT MAIL:** With the envelope deposited with FedEx and delivery fees thereon fully prepaid.

☒   **BY ELECTRONIC MAIL:** I served the foregoing document by electronic mail to the email address(es) listed on the service list.

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 27, 2026, at Costa Mesa, California.

*/s/ Rhonda K. Viers*
Rhonda K. Viers

1

**PROOF OF SERVICE**

5459320.1

# SERVICE LIST

*Henry Ray Bryant, Jr. v. Reliant Capital Solutions, LLC, et al.*

Henry Ray Bryant, Jr.
4380 Flightwood Circle
Hemet, CA 94559

*Pro Se*

T:  951.692.8643
E:  henry_14553@yahoo.com

Brett B. Goodman, Esq.
Yu Mohandesi LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

*Attorneys for Defendant, Reliant Capital Solutions, LLC*

T:  858.757.7262
E:  bgoodman@yumollp.com
    akim@yumollp.com
    arvinpaja@yumolly.com
    goodmanlawapc@gmail.com

2
**PROOF OF SERVICE**

5459320.1