UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY RAY BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD FINANCIAL, LLC,<br><br>Defendant. | Case No.  25-cv-08207-VC<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 27 |

The motion to compel arbitration is denied. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.

1. *Waiver*. Bryant argues that Robinhood waived its right to compel arbitration because its litigation conduct was inconsistent with an intent to arbitrate. That is incorrect. Bryant filed suit in September 2025. *See* Dkt. No. 27-4 ¶¶ 4-6. Nothing of substance was filed on the docket until December 2025, when Reliant notified the Court that it had reached a settlement with Bryant. *See* Dkt. No. 23. In that same month, Robinhood told Bryant that it was interested in arbitrating what remained of this dispute. *See* Dkt. No. 27-4 ¶ 4. Robinhood then sent a formal demand to that effect in January 2026. *Id*. ¶ 8. Although it is unclear why it took so long for this motion to be filed, Robinhood's conduct throughout this litigation has been consistent with its intention to compel arbitration.

2. *Coverage*. Bryant argues that the arbitration agreement does not cover his claims. That is incorrect. The arbitration agreement covers "[a]ny controversy or claim arising out of or relating to this Agreement, any other agreement between you and Robinhood, any Account established hereunder, [and] any transaction therein." Dkt. No. 27-3 ¶ 39. Here, Bryant alleges

that Robinhood violated the Fair Credit Reporting Act by failing to conduct reasonable investigations into (and furnishing inaccurate information about) certain debts owed by Bryant in connection with his Robinhood account. Those allegations clearly relate to the account established under the operative agreement. Bryant's argument that the arbitration provision should be narrowly construed under California Civil Code Section 1670.15—which limits the scope of certain arbitration clauses to "the use, payment, or provision of the good, service, money, or credit provided by that consumer use agreement"—does not change this analysis. Even assuming that Section 1670.15 applies retroactively and is not preempted by the FAA, the conduct at issue relates to the "use, payment, or provision" of certain services and credit provided by Robinhood. Therefore, even if construed under Section 1670.15, the arbitration provision here covers this case.

3. *Unconscionability*. Agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under California law, a contract is unenforceable if it was both procedurally and substantively unconscionable at the time it was made. *Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 920 (2015).

Here, the arbitration agreement contains at least some degree of procedural unconscionability because it was a contract of adhesion. *See* Dkt. No. 29, at 13. Even outside the employment context, California courts have held that contracts offered on a take-it-or-leave-it basis are at least somewhat procedurally unconscionable. *See Gostev v. Skillz Platform, Inc.*, 88 Cal. App. 5th 1035, 1055 (2023). However, Bryant's argument that the contract is procedurally unconscionable because he never actually "read the document, comprehended its terms, or understood Section 329's implications" is wrong. *See* Dkt. No. 29, at 16-17. It is well-established that an "arbitration clause within a contract may be binding on a party even if the party never actually read the clause." *Pinnacle Museum Tower Association v. Pinnacle Market Development*

2

*(US), LLC*, 55 Cal. 4th 223, 236 (2012).[1]

Bryant argues that the agreement is substantively unconscionable because its scope extends far beyond claims related only to Robinhood's account services and includes any number of unrelated disputes, such as future employment and tort claims. *See* Dkt. No. 29, at 18. That is correct. The arbitration provision covers not only claims "arising out of or relating to this Agreement," but also "any other agreement between you and Robinhood." Dkt. No. 27-3. This Court has previously invalided similarly overbroad contracts, even when the plaintiff has not shown that he has been disadvantaged by the overbreadth. *See Gardner v. AMN Healthcare Servs., Inc.*, 2025 WL 3751929, at *1 (N.D. Cal. Dec. 29, 2025) (citing *Cook v. University of South California*, 102 Cal. App. 5th 312, 321-25 (2024)).[2]

At the hearing, Robinhood argued that the term "any other agreement" in the arbitration provision should be narrowly construed to refer only to the hyperlinked documents on the first page. *See* Dkt. No. 27-3 ¶ 1. But there is no textual support for that interpretation. In fact, Robinhood's reading of the term "any other agreement" would render that phrase superfluous. Because the hyperlinked documents were already "incorporated by reference into this Agreement" on the very first page, there would have been no reason to add the words "any other agreement" if the only agreements covered by that phrase were those already incorporated by reference. *Compare id.* ¶ 1, *with id.* ¶ 39.

---

[1] In his notice of supplemental authorities, Bryant cites *Berman v. Freedom Financial Network*, LLC, 30 F.4th 849 (9th Cir. 2022), to support the proposition that he never assented to the arbitration agreement because he had no "reasonably conspicuous notice" of Robinhood's terms and conditions. Even if the Court were to consider this untimely argument, which should have been made in the opposition brief, it is incorrect. The holding in *Berman* turned on the particularly egregious features of that website, which was designed to hide the relevant agreement. The agreement here, by contrast, called out the arbitration provision in bold on the first page. *See* Dkt. No. 27-3 ¶ 1. It therefore falls under California's general rule that users who agree to "scroll wrap and clickwrap agreements" are said to have "received notice of the terms put forth and assented to those terms." *See Cavanaugh v. Fanatics*, *LLC*, 738 F. Supp. 3d 1285, 1294 (E.D. Cal. 2024).

[2] Because Robinhood has not raised any arguments as to whether the overbroad portion of the arbitration agreement should be severed or whether Bryant may raise an unconscionability challenge to the overbroad portion of the arbitration agreement, given that his dispute falls squarely within the portion that is not overbroad, those arguments are deemed forfeited.

Robinhood further argued that the scope of the arbitration provision should be narrowly construed in light of Section 12200 of FINRA's Code of Arbitration Procedure for Customer Disputes. But section 12200 does not limit the kinds of disputes that may be arbitrated; it mandates arbitration between FINRA members and their customers, if arbitration is required by a written agreement (or is requested by the customer) and if the dispute arises in connection with the business activities of the member. Nothing in that section clearly limits FINRA's jurisdiction. Even if Section 12200 were construed as a limit to FINRA's jurisdiction, the phrase "in connection with the business activities of the member" does not clearly exclude disputes that are not reasonably related to the arbitration agreement at hand. FINRA's rules therefore cannot save the overbroad arbitration provision at issue.[3]

4. *Pro Se Help Desk*. Bryant is advised that he may wish to seek assistance from the Federal Pro Bono Project's Legal Help Center. The Center may be reached by calling (415) 782-8982 or emailing FedPro@sfbar.org. He may also wish to consult the Handbook for Pro Se Litigants, which is available along with further information at http://cand.uscourts.gov/proselitigants.

**IT IS SO ORDERED.**

Dated: April 2, 2026

VINCE CHHABRIA
United States District Judge

---

[3] The FINRA-related cases cited by Robinhood during the hearing do not support its position. In *Thomas v. Westlake*, 204 Cal. App. 4th 605 (2012), the California Court of Appeal did not address any unconscionability challenge at all. And in *Maher v. Wells Fargo Clearing Services, LLC*, 2023 WL 11053622 (C.D. Cal. Dec. 12, 2023), the parties did not argue that the agreement was unconscionably overbroad. *See id*. at *9 ("Plaintiffs argue the agreement is substantively unconscionable because FINRA rules impose various fees, require multiple arbitrators for claims exceeding $100,000, provide limited discovery, do not guarantee a written award opinion, and may not necessarily provide non-monetary relief."). Those cases accordingly have no bearing on the overbreadth challenge raised by Bryant.

4